## CALDWELL et al. v. GLAZIER.

(Supreme Court, Appellate Division, First Department.  October 23, 1908.)

DISCOVERY (§ 40*)—APPLICATION BY PLAINTIFF—DEFENSIVE MATTER.

Plaintiff in an action to foreclose a mechanic's lien is not entitled to an examination before trial of defendant as to the defenses that the goods covered by the lien were not the property of plaintiff, and that defendant bought the same from a third person, who had been paid therefor, and that plaintiff made false representations leading defendant to believe that the third person was the owner.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 53; Dec. Dig. § 40.*]

Ingraham, J., dissenting.

Appeal from Special Term.

Action by Edward F. Caldwell and another against Henry S. Glazier. From an order of the Special Term, denying a motion to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

vacate an order for the examination of defendant before trial, defendant appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Alfred F. Seligsberg, for appellant.

Pressinger & Newcombe (Richard S. Newcombe, of counsel), for respondents.

CLARKE, J. The action is brought to foreclose a mechanic's lien. The complaint sets forth the sale and delivery by the plaintiffs to the defendant of certain gas and electric fixtures and the installment thereof, at the special instance and request of the defendant, at the agreed price of $1,853.46. The amended answer of the defendant denies generally the averments of the complaint, and as a first separate defense avers that the goods, wares, and merchandise covered by the plaintiffs' lien and mentioned in the complaint were not the property of the plaintiffs, and that said defendant did not purchase the same from the plaintiffs, but from one Charles H. Cottrell, who also performed the labor covered by the plaintiffs' lien, and that he paid the said Charles H. Cottrell in full. As a second separate defense said defendant avers that the plaintiffs made false representations, which led the defendant to believe that the said Cottrell, and not the plaintiffs, was the owner of said goods, and that the defendant, relying upon said representations and in good faith, purchased said goods from said Cottrell, and not from these plaintiffs, and paid the said Cottrell therefor. The plaintiffs obtained an order for the examination of the defendant before trial upon the matters set forth in his defenses. The defendant moved to vacate said order, and, said motion having been denied, appeals.

It is apparent upon the face of the papers that the examination ordered is neither necessary nor material for the plaintiffs' case. The moving affidavit asserts unequivocally that what is desired is an examination of the defendant in regard to the matters set up in his separate defense. These matters are not part of the plaintiffs' case, and must be affirmatively established by the defendant in his own defense. It has been repeatedly held in this department that such examinations are only allowed where the object is to obtain evidence essential to the moving party's case or defense, and when it is the intention of the party to use the examination upon the trial. Dudley v. N. Y. Filter Mfg. Co., 80 App. Div. 164, 80 N. Y. Supp. 529; McKenna v. Tully, 109 App. Div. 598, 96 N. Y. Supp. 561; Oakes v. Star Company, 119 App. Div. 358, 104 N. Y. Supp. 244; Wood v. Hoffman, 121 App. Div. 636, 106 N. Y. Supp. 308; Hartog & Beinhauer C. Co. v. Richmond Cedar Works, 124 App. Div. 627, 109 N. Y. Supp. 113.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the order for examination granted, with $10 costs. All concur, except INGRAHAM, J., who dissents.