SCHWEINBURG v. ALTMAN.

(Supreme Court, Appellate Division, First Department. April 23, 1909.)

1. DISCOVERY (§ 44*)—EXAMINATION OF PARTY BEFORE TRIAL—ORDER—WAIVER OF RIGHT TO MOVE TO VACATE.

Where, after an order had issued for examination of defendant before trial, defendant, without any intimation of an intention to attack the order, twice requested an adjournment, stipulating in writing "that the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

said examination shall take place" on a designated day, he waived the right to move to vacate the order.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 57; Dec. Dig. § 44.*]

2. STIPULATIONS (§ 6*)—CONCLUSIVENESS AND EFFECT—WRITTEN STIPULATIONS OF PARTIES.

General Rules of Practice, rule 11, providing that no private agreement as to proceedings in a cause shall be binding unless reduced to the form of an order by consent and entered, or reduced to writing and subscribed by the party against whom it shall be alleged, or by his attorney, will not be extended to written stipulations.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 5–13; Dec. Dig. § 6.*]

3. DISCOVERY (§ 40*)—DISCRETION OF COURT.

Under Code Civ. Proc. §§ 870, 872, 873, relating to depositions of parties, and providing (section 872, subd. 4) that an affidavit therefor must state that the testimony is material and necessary, and General Rules of Practice, rule 82, that the affidavit must state facts showing the deposition is material and necessary to the applicant, the court may grant an order for the examination before trial of a defendant on plaintiff's application, where a defense has been set up which, established, would destroy the cause of action, and the affidavit asks the examination for the purpose of affirmatively sustaining his cause of action, the deposition in such case being material and necessary, plaintiff, in an action for money due under a contract, where the defense pleaded was a cancellation of the contract, was entitled upon a proper showing to an examination of defendant before trial, to show that the alleged cancellation was ineffective.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 40.*]

Appeal from Special Term, New York County.

Action by Emil Schweinburg against Benjamin Altman. From an order vacating an order for examination of defendant before trial, plaintiff appeals. Reversed, and motion denied.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Nathan Ottinger, for appellant.

S. Hanford (Henry B. Pogson, of counsel), for respondent.

CLARKE, J. The complaint sets up a contract under which defendant was to pay plaintiff $7,500 a year, that defendant paid for five years, that he has not paid since October 1, 1906, and demands judgment for $7,500, the amount so unpaid. The answer alleges a cancellation of the contract by the defendant in accordance with the terms thereof. Plaintiff obtained an order for the examination of the defendant before trial. Defendant moved to vacate said order, which motion was granted, the learned justice stating in his memorandum:

"The examination sought relates to the defense, and not to the plaintiff's cause."

From said order the plaintiff appeals.

We are of the opinion that the order should be reversed, upon the ground that the defendant was estopped from moving to vacate the order for his examination. The original order required the defendant to appear for examination on February 16, 1909. On February 15th the following stipulation was signed by the attorneys for both parties:

"The defendant, having requested an adjournment of his examination before trial herein, pursuant to the order of Mr. Justice Gerard, dated February 5, 1909, herein, it is hereby stipulated that the said examination shall take place on Wednesday, the 24th of February, 1909, at the same time of day and place, in lieu of February 16, 1909, the date originally set, and it shall not be necessary to serve any new subpœna upon the defendant, but the supœna heretofore served and the order aforesaid shall for all purposes be deemed to be related to the adjourned date specified herein."

On February 19th the said attorneys for both parties entered into a further written stipulation:

"The defendant having requested a further adjournment, * * * it is hereby stipulated that the said examination shall take place on Tuesday, the 2d day of March, 1909, at the same time of day and place. * * * Defendant agrees that no further adjournment will be applied for."

On the 2d of March, on attending at court to take the examination as stipulated, the plaintiff's attorney was met with a notice of motion, dated March 1st, to vacate the order for examination. This was argued before the justice sitting at Special Term, Part 2, who, in view of the fact that in the course of the argument the defendant served plaintiff's attorney with the aforesaid notice, directed that the motion should be brought on at Part 1, Special Term, and to that end signed an order to show cause at the instance of the defendant, returnable at said part.

We think that when the defendant, without any intimation of intention to attack the original order, twice requested the favor of an adjournment and twice in writing stipulated "that the said examination shall take place" on a designated day, he waived the right to move to vacate, and should not be allowed to do so. The stipulations are too clear to require interpretation or discussion. Rule 11 of the General Rules of Practice provides that:

"No private agreement or consent between the parties, or their attorneys, in respect to the proceedings in the cause, shall be binding unless the same shall have been reduced to the form of an order by consent and entered, or unless the evidence thereof shall be in writing subscribed by the party against whom the same shall be alleged or by his attorney or counsel."

It is humiliating to the profession that the exigencies of practice in a large city with a numerous bar should have required a rule making oral stipulations and agreements unenforceable. The court will not, by strained construction, extend the rule to written stipulations and agreements, but will enforce them as they find them.

A word should be added as to the ground stated in the memorandum for vacating this order. It is urged that in certain recent cases upon the subject of examinations before trial this court overlooked the case of Herbage v. City of Utica, 109 N. Y. 81, 16 N. E. 62. That point is not well taken; but, as it has been stated in the briefs which have been submitted to us in a number of cases, we proceed to consider it. In that case the Court of Appeals said:

"The cases cited by the respective counsel show that the practice in relation to the subject is not uniform throughout the various departments of the Supreme Court; but we are of opinion that a party litigant may, in the discretion of the judge to whom application is made, under the provisions of sections 870, 872, 873 of the Code of Civil Procedure, have a

general examination of his adversary as a witness in the cause, as well before as at the trial, and that it is not, as of course, to be limited to an affirmative cause of action, or an affirmative defense, set forth in favor of the party desiring that examination. The order appealed from was so limited, not according to the discretion of the court, by which it might have been restrained, but because, as appears by the order, the court was of opinion that it had no power to order otherwise. The order appealed from should therefore be reversed, and the case remitted to the Supreme Court for further consideration."

When this court, in Goldmark v. U. S. Electric-Galvanizing Co., 111 App. Div. 526, 97 N. Y. Supp. 1078, swept away a mass of technicalities which had been ingrafted upon the Code sections, so as almost to throttle them, and adopted the liberal policy which has since obtained, we said, referring to rule 82 of the General Rules of Practice, in connection with the Code sections:

"The rule that the affidavit must state the facts and circumstances to show that the deposition of the proposed witness is material and necessary to the party making the application is intended to prevent an abuse of the permission to examine an adverse party, so that a party to an action will not be allowed to examine his opponents for an ulterior or improper purpose. * * * The right given by these sections of the Code is subject to abuse, and it is the duty of the court to prevent the abuse of its processes."

Bearing in mind that what was decided in the Herbage Case, supra, was that while the court had the power to permit the examination of an adverse party, and that such examination was not, as of course, to be limited to an affirmative cause of action or affirmative defense, yet it lay within the discretion of the judge to allow a general examination, it will be seen that in none of the cases cited has this court denied its power to grant such examination. In Oakes v. Star Company, 119 App. Div. 359, 104 N. Y. Supp. 244, the order was vacated because the testimony sought to be elicited would have been inadmissible upon the trial, and consequently, under the rule and the statute, could not be considered necessary or material. Wood v. Hoffman, 121 App. Div. 636, 106 N. Y. Supp. 308, was a negligence case, and the defendant sought to examine generally the plaintiff, and we said that:

"The fundamental rule that the testimony sought must be material and necessary for the use of the party applying upon the trial for the order has not been abrogated. * * * It is quite improbable that a defendant in a negligence case could in good faith say that he intended to use the deposition of the plaintiff upon the trial of the action, and that such testimony was material and necessary for the defense. * * * While we do not say that under no circumstances can a defendant examine a plaintiff before trial in a negligence action, we do hold that in ordinary actions such an examination should not be permitted."

In Hartog v. Richmond Cedar Co., 124 App. Div. 629, 109 N. Y. Supp. 113, we reversed an order obtained by the defendant for plaintiff's examination, the sole purpose of which was an attempt to obtain information of the items which made up the plaintiff's alleged damages; and in Caldwell v. Glazier, 128 App. Div. 315, 112 N. Y. Supp. 655, we said:

"It has been repeatedly held in this department that such examinations are only allowed where the object is to obtain evidence essential to the

moving party's case or defense, and when it is the intention of the party to use the examination upon the trial."

The facts were examined into in all of these cases, and in no one of them was the denial of the examination placed upon the want of power in the court to grant it. It is rarely that a litigant can truthfully state that the testimony of the opposing party, in regard to that party's affirmative cause of action or defense, is material and necessary to the applicant. It may be extremely convenient to obtain it in advance of the trial, and we often find in papers upon these motions the statement that such evidence is necessary to enable the applicant to prepare for trial; but no such ground for examination is provided for in the Code. That would transfer the procedure into a pure fishing excursion, and ignore the controlling words, "testimony necessary and material." It is this reason which has actuated this court in refusing such relief, in the exercise of discretion, when it was apparent that the testimony sought to be elicited would be neither material nor necessary. But where a defense has been set up which, if established and unanswered, would destroy the cause of action, if the plaintiff in his moving papers shows that he desires an examination of the defendant, not for the purpose of disclosing that defense which has already been disclosed by the answer, but to avoid it, then such evidence is material and necessary to the plaintiff's cause of action, because without it that cause would be gone. Under such circumstances an examination may be had.

We applied this principle in McKenna v. Tully, 109 App. Div. 598, 96 N. Y. Supp. 561, where the appellant urged that an order for examination of the defendants should be vacated, upon the ground that it was sought merely for the purpose of prying into the defense, that the action was for the specific performance of a contract for the sale of land, and that all that plaintiff would be required to do would be to prove the contract, his performance, and the breach; that the defendant would then assume the burden of showing that the transfers of which plaintiff complained were made without notice, in good faith, and for a valuable consideration; and that, being matters of defense, the examination would not be allowed. We said:

"In order to establish the cause of action set up, and to obtain the relief demanded, it therefore becomes necessary for the plaintiff to affirmatively establish the facts in regard to the various transactions respecting which he desires an examination. Therefore he comes directly within the rule, as the testimony is sought to uphold his cause of action, and not to destroy a defense."

So in the case at bar the facts in regard to which the plaintiff desires to examine the defendant are facts the proof of which he claims will be necessary and material evidence to support his cause of action by avoiding the defense set up of cancellation of the contract. He seeks to show the alleged cancellation ineffective. We think plaintiff has brought himself within the language and spirit of the provisions of the statute and the rule as interpreted by the recent cases; that his object is not to pry into his opponent's defense, but to affirmatively sustain his cause of action and the burden cast upon him by the pleadings.

Therefore, upon the merits, as well as upon the ground first stated

in this opinion, the order appealed from should be reversed, with $10 costs and disbursements, and the plaintiff allowed the examination applied for, with $10 costs. The date for such examination may be inserted in the order to be entered hereon upon notice. All concur.