(140 App. Div. 297.)

LAWSON v. HOTCHKISS, Superintendent of Insurance.

(Supreme Court, Appellate Division, First Department. October 28, 1910.)

1. DISCOVERY (§ 41*)—EXAMINATION BEFORE TRIAL—PURPOSE.

The complaint, in an action on a life policy by the assignee thereof, alleged, to show plaintiff's interest, that the assignment was made in consideration of an amount due her from the person insured, for services rendered as private secretary, and the answer denied plaintiff's insurable interest in the policy at the time of its assignment. The affidavit, upon which an order for plaintiff's examination before trial was based, was made by defendant's attorney, and stated that he was a director of the insurance company which issued the policy, and had as much knowledge thereof as any one, and that such information as they had, relating to insured's business and plaintiff's relation to him, indicated that he had no use for a private secretary and could not afford to keep one, and that the real consideration for the assignment of the policy was his meretricious relations with plaintiff, and that they understood that plaintiff now represented herself to be insured's widow; that defendant might be unable to procure direct evidence of such fact, or meet plaintiff's case, without a thorough examination of her before trial concerning her alleged employment by insured and her relations to him; and the sources of affiant's information were stated to be reports given to the inspection department of the insurance company by unnamed persons, and the contents of such report were not stated. *Held* that, in order to authorize an examination of a party before trial, the testimony desired must relate to a

material issue, which must be proved by the party making the application, and, as plaintiff was required to prove an insurable interest in the policy, under the pleadings, the only purpose of defendant's application for plaintiff's examination was to obtain her evidence in advance of trial, and not to obtain evidence to support its own case, so that it was improper to grant the application.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 54; Dec. Dig. § 41.*]

2. INSURANCE (§ 646*)—LIFE INSURANCE—ACTION—BURDEN OF PROOF—INSURABLE INTEREST.

In an action on a life policy, where the answer denied plaintiff's insurable interest, the burden was upon her to prove such interest.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1646; Dec. Dig. § 646.*]

3. DISCOVERY (§ 32*)—EXAMINATION BEFORE TRIAL—EXAMINATION OF PARTY.

An examination of a party before trial will not be allowed, unless the application is made in good faith.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 46; Dec. Dig. § 32.*]

Appeal from Special Term, New York County.

Action by Reba Lawson against William H. Hotchkiss, as Superintendent of Insurance. From an order denying plaintiff's motion to vacate an order for her examination before trial, she appeals. Reversed, and motion to vacate granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Frederick R. Graves, for appellant.
Wilson B. Brice, for respondent.

SCOTT, J. The plaintiff appeals from an order denying her motion to vacate an order for her examination before trial. She sues upon a policy of life insurance issued upon the life of one William E. Prall by the Life Association of America, of which the defendant is the official liquidator. The interest of the plaintiff is set forth in the fifth paragraph of her second amended complaint, wherein she alleges:

"That prior to the 13th day of June 1902" (the day on which Prall assigned the policy to plaintiff) she "was employed by said William E. Prall as private secretary, upon the agreed salary of $2,400 per annum, upon which said agreement there was on said 13th day of June, 1902, owing to plaintiff by said William E. Prall a sum in excess of $2,000 (the amount of the policy), in consideration of which said William E. Prall duly assigned all his right, title, and interest in said policy to this plaintiff."

The defendant denies knowledge or information sufficient to form a belief as to the truth of these allegations, thus putting the plaintiff to her proof in that regard. It is also alleged, by way of a separate defense, that plaintiff had no insurable interest in said policy at the time of its assignment. There are other alleged defenses as to alleged false representations and warranties, such as are frequently interposed in actions upon life insurance policies; but these are not important as bearing upon the present appeal.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The affidavit upon which the order for examination was based is made by one of the defendants' attorneys, who states that he was a director of the company which issued the policy, and has as much knowledge concerning them as any one. He states that:

"Such information as we have been able to obtain concerning the business of the deceased and the plaintiff's relations to him indicate that his financial circumstances were such that he had no use for a private secretary, could not afford to keep one, and that plaintiff's relations to him were meretricious, and that these meretricious relations were the real consideration for the assignment. We also understand that plaintiff passed herself off as his wife before his death, and that she now represents herself to be his widow. * * * While these reports have come to us, we may be unable to procure direct evidence to the fact, or may be unable to meet all the allegations and proofs of the plaintiff without a thorough examination of her before trial concerning the plaintiff's alleged employment by William E. Prall as private secretary, concerning her relations to him, and concerning her insurable interest in his life insurance."

The sources of the affiant's information and the grounds of his belief are stated to be reports given to the inspection department of the insurance company by strangers. What those reports are and by whom they are given is not stated.

It is apparent from this affidavit that it is not desired to take the plaintiff's examination in order to establish any fact which the defendant will be called upon to affirmatively establish as a part of his case. As has been said, the answer put in issue the plaintiff's allegations as to her interest in the policy, and thus casts upon her the burden of proving those allegations. What is evidently desired is to submit her to a cross-examination, in advance of the trial, as to evidence which it is assumed she will give upon the trial. Thus the purpose is, if possible, to break down in advance the plaintiff's evidence. It is obvious that such an examination may have a wide range; for it will not be limited, as cross-examination usually is, by what has been testified to on the direct. In other words, what the defendant seeks is to obtain the plaintiff's story in advance, and not to elicit evidence in support of his own case. Notwithstanding the recent relaxation of the rules which formerly made examinations before trial practically impossible to obtain, there are still limits upon such examinations. As was said by this court, through Mr. Justice McLaughlin, in a recent case:

"There seems to be a growing tendency in favor of such examinations, to the end that justice may be promoted by preventing surprise at the trial, and lessening, so far as possible, the expense incident to it; but, in every case where such examinations are permitted, facts must be presented from which the court can see that the application is made in good faith, and that the proof of the facts concerning which the examination is desired would be admissible at the trial." Rogers v. Adler, 137 App. Div. 197, 121 N. Y. Supp. 941.

In Ehrich v. Root, 122 App. Div. 719, 107 N. Y. Supp. 846, this court further said, in an opinion written by its present presiding justice:

"While I am in favor of allowing examination of a party before trial in all cases where, upon the facts stated, it can fairly be inferred that the object is to obtain the deposition of an adverse party as to the facts which are by

the pleadings in dispute and the proof of which would be competent upon the trial, to justify such an examination I think it must appear that the testimony desired really relates to a material issue that must be proved by the party making the application upon the trial of the action."

In Oakes v. Star Co., 119 App. Div. 358, 104 N. Y. Supp. 244, an examination of the plaintiff was refused where it appeared that the purpose was to submit her to cross-examination and elicit evidence which could be used by the defendant upon the trial, only in case the plaintiff opened a way for it, by herself offering certain evidence.

In Caldwell v. Glazier, 128 App. Div. 315, 112 N. Y. Supp. 655, it was said:

"It is apparent upon the face of the papers that the examination ordered is neither necessary nor material for the plaintiff's case. The moving affidavit states unequivocally that what is desired is an examination of the defendant in regard to the matters set up in his separate defense. These matters are not part of the plaintiff's case, and must be affirmatively established by the defendant in his own defense. It has repeatedly been held in this department that such examinations are only allowed where the object is to obtain evidence essential to the moving party's case or defense."

Applying these well-settled rules to the case at bar, it is apparent that the order appealed from cannot stand. It is for the plaintiff to prove that she has an insurable interest in the policy. As to that question the defendant has no burden of proof, and will be called upon to offer no evidence until the plaintiff has made her proofs. When she has done that, and only then, will it be relevant to cross-examine her. It does not help defendant that his attorney states that he intends to .use the examination upon the trial. He cannot use it unless the plaintiff first offers proof which will render it material, and he certainly will not use it in any case if it tends to support the plaintiff's case, rather than that of defendant. While we fully recognize the frequent propriety, in the interest of justice, of permitting the examination before trial of a party by his adversary, we also cannot fail to appreciate the necessity of keeping such examinations within proper limits to prevent injustice.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion to vacate granted, with $10 costs. All concur.