BIOREN et al. v. CAMPBELL et al.

(Supreme Court, Appellate Division, First Department. November 4, 1910.)

1. CONSPIRACY (§ 19*)—ACTION—EVIDENCE.
    In an action for a conspiracy, in which stock, pledged to plaintiff as collateral for an unpaid loan and which he had sold in foreclosure of the pledge, was fraudulently refused transfer on the company's books, whereupon the buyer bought other stock for plaintiff's account at a higher price, and required plaintiff to pay the difference, evidence that the advanced price on the market was the result of fictitious or "wash" sales is material.

    [Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 25, 26; Dec. Dig. § 19.*]

2. DISCOVERY (§ 43*)—VACATING ORDER—GROUNDS—INCRIMINATING MATTER.
    Where it appears that a witness can give material testimony, some of which is not privileged, the fact that he may be cognizant or implicated in matters as to which he may claim privilege is no ground for refusing an order for examination before trial; privilege being a personal right which may be waived.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 56; Dec. Dig. § 43.*]

Appeal from Special Term, New York County.

Action by John S. Bioren and others against James J. Campbell and others. From an order sustaining a motion to vacate an order for examination of defendant Campbell, plaintiffs appeal. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

E. Crosby Kindleberger, for appellants.
William J. Lippmann, for respondent.

LAUGHLIN, J. The order for the examination was made after issue joined, and upon the theory that the examination was necessary in order to enable the plaintiffs to prove their cause of action.

The affidavits upon which the order for the examination of the respondent was granted showed, among other things, that the action is brought to recover damages sustained by the plaintiffs in loaning money on stock of the defendant company to the defendant Dunphy, who induced the loan on the faith of said stock in consummation of an agreement made between him and the other defendants, whereby the transfer of the certificates of stock on the books of the company was to be and was stopped, and whereby Dunphy should and did fail to pay the loan when the same fell due, and whereby, when the plaintiffs came to sell the certificates at the New York curb, that being the place where they were dealt in, they should be purchased by one of the defendants, who should demand that they be transferred on the books of the company before payment, and the defendant Raymond, who is the president of the defendant company, should refuse to transfer the certificates and assert that they had been stolen from the defendants Mack and Raymond, whereupon the defendant, who was to

purchase the stock from the plaintiffs, should make a pretended purchase of other certificates at a higher price, and make a claim against plaintiffs, and attempt to hold them for the difference. It was further alleged, in substance, that this agreement was in all respects consummated to the plaintiffs' damages in the amount of the money loaned.

The plaintiffs desire to show by the testimony of the defendant Campbell, who was employed by the defendants Mack, who were the brokers who purchased the stock on the sale by the plaintiffs, that the sales of the stock of the defendant company on the New York curb at and about the time in question, by which it was pretended that the price was advanced, were fictitious, manipulated, and "wash" sales, and that the prices were fixed by the defendants Mack, who directed most of the sales and purchases. It is manifest that these facts are material to the plaintiffs' case. It satisfactorily appears that the defendant Campbell was in a position to have knowledge of the material facts with respect to the sales.

The memorandum of the learned justice at Special Term, filed on granting the motion to vacate the order for the examination, shows that it was vacated on the ground that the witness will be privileged from testifying. It is evident that he may be able to give material testimony which would not be privileged; and, moreover, the right of a party to an order for such an examination should not be denied upon the ground that the testimony sought to be elicited may be privileged, for the privilege, if it exists, is personal to the witness, and may not be claimed by him. Ely v. Perkins, 127 App. Div. 823, 112 N. Y. Supp. 122; Solar Baking Powder Co. v. Royal Baking Powder Co., 128 App. Div. 550, 112 N. Y. Supp. 1013; Meade v. Southern Tier Masonic Relief Association, 119 App. Div. 761, 104 N. Y. Supp. 523; Niehoff v. Star Co., 134 App. Div. 473, 119 N. Y. Supp. 247.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion to vacate the order for the examination denied, with $10 costs. All concur.