STRAUS et al. v. PECK.

(Supreme Court, Appellate Term. January 5, 1911.)

1. DISCOVERY (§ 32*)—APPLICATION BY PLAINTIFF—DEFENSIVE MATTER.
    As a general rule, the examination of defendants before trial is only in cases where they have denied some material allegations of the complaint.
    [Ed. Note.—For other cases, see Discovery, Dec. Dig. § 32.*]

2. DISCOVERY (§ 40*)—SUBJECT-MATTER OF EXAMINATION—FACTS SUPPORTING CAUSES OF ACTION.
    Where action is brought to recover for an injury caused to the plaintiffs' delivery wagon by a collision with an automobile, alleged to be owned by the defendant and to have been operated by his servant, and defendant's answer denies every allegation of the complaint concerning the ownership and operation of the automobile, plaintiffs are entitled to an examination of the defendant before trial on these issues.
    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 53; Dec. Dig. § 40.*]

Appeal from City Court of New York, Special Term.

Action by Isidore Straus and another against John A. Peck. From an order of the City Court of the City of New York, vacating an order for the examination of the defendant before trial, the plaintiffs appeal. Reversed.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Wise & Seligsburg (Edmond E. Wise ιand Clifford H. Owen, of counsel), for appellants.

Henry G. K. Heath, for respondent.

GIEGERICH, J. The action is brought to recover damages for an injury alleged to have been caused to one of the plaintiffs' delivery wagons by a collision with an automobile alleged to have been owned by the defendant and operated by his servant. The answer denies each and every allegation of the complaint concerning the ownership and operation of the automobile. An order for the examination of the defendant upon these issues was made upon the · pleadings and the affidavit of one of the plaintiffs, and it has been vacated by the order appealed from.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The justice at Special Term says in his opinion that it is apparent that the only purpose of the examination of the defendant is to ascertain whether or not the plaintiffs have a cause of action against him. The vacating order is sought to be sustained by counsel for the defendant upon the further ground that, as the defendant in his answer has denied the allegations which the plaintiff seeks to establish, it cannot properly be said that the moving papers present a case where his examination has been shown to be material or necessary to the plaintiffs' case. The trouble with both these arguments is that they prove too much. Of course, it is quite true that, until the plaintiffs have proved that the defendant was responsible for the operation of the automobile at the time of the collision, they have failed to prove that they have a cause of action against him. But the same thing would be true of any other material allegation in this or any other complaint. In any such case it might be said, with as much force as in the present one, that the purpose of the examination was to find out whether or not the plaintiff had a cause of action, and the practice of examining defendants before trial would be at an end.

The other argument urged in support of the order comes to the same thing. If the defendant cannot be examined upon an issue raised by his denial of a material allegation of the complaint, he could not ordinarily be examined at all. An examination can only be had upon material issues and in support of the case or defense of the moving party. Caldwell v. Glazier, 128 App. Div. 315, 317, 112 N. Y. Supp. 655; Lawson v. Hotchkiss, 125 N. Y. Supp. 261; Bioren v. Campbell, 125 N. Y. Supp. 392. If the answer admits the material allegations of the complaint, there can ordinarily be no room for the examination of the defendant, because the testimony of a defendant upon issues raised by an affirmative defense can rarely be said to be material and necessary to the complaint, although it may be so in exceptional cases like Schweinburg v. Altman, 131 App. Div. 795, 116 N. Y. Supp. 318. As a general rule, however, the examination of defendants before trial is in cases where they have denied some material allegation of the complaint.

It is unnecessary to review the numerous cases on the subject, because, while they have doubtless introduced many refinements in the practice, they certainly do not go to the length to which the arguments of counsel for the respondent necessarily lead.

The objection that the defendant is not shown to have knowledge of the particular fact sought to be established by the examination, namely, that the automobile was owned and controlled by him, needs no consideration. He knows what the fact was, and he can be examined upon the issue.

The order should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.