GEORGE I. ROBERTS & BROS., Inc., v. LEARY.

(Supreme Court, Appellate Term.   June 12, 1911.)

DISCOVERY (§ 40*)—EXAMINATION BEFORE TRIAL—LIMITS.

Where, in an action for the agreed price of work in defendant's residence and for extra work, the complaint alleged excuses for noncompletion of the work in the time specified and the nonobtaining of a certificate from the Board of Fire Underwriters, and the answer contained a general denial and averred the incompleteness of the work, defective work, and expenses in housing defendant's family because of the bad work, an order for the examination of defendant before trial must be limited to an examination merely as to the items of extra work, the delay in the completion of the contract, the nonobtaining of the certificate of the Board of Fire Underwriters, the completeness of the work and its workmanlike character, and want of defects therein.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 53; Dec. Dig. § 40.*]

Appeal from City Court of New York, Special Term.

Action by George I. Roberts & Bros., Incorporated, against George Leary.   From an order denying a motion to vacate an ex parte order directing examination before trial of defendant, he appeals.   Modified and affirmed.

Argued before SEABURY, GUY, and BIJUR, JJ.

George E. Weller (Adelbert W. Bailey, of counsel), for appellant.
Wilcox & Brodek (Charles A. Brodek, of counsel), for respondent.

BIJUR, J.   Plaintiff sued to recover the agreed price for certain work done in defendant's residence, together with the value of some extra work.   The complaint also sets forth certain excuses for noncompletion of the work in the time specified, and the nonobtaining of a certificate from the Board of Fire Underwriters, both of which are alleged to be due to defendant's acts.

The answer is voluminous, but in substance it contains a general denial, and then by way of defense sets out the incompleteness of the work, necessitating a considerable expenditure by the defendant to complete the same, defective work, which caused considerable damage to the defendant, and, finally, the necessity on defendant's part to expend $1,000 in housing his family and servants by reason of the uninhabitable condition due to plaintiff's bad work.   The last three mentioned items are also set up as counterclaims.

Plaintiff contends that the examination permitted, which was general as to all these issues, covered matters which are practically purely affirmative defenses, and was therefore improper, on the authority of Lawson v. Hotchkiss, 140 App. Div. 297, 125 N. Y. Supp. 261.   Even though it be conceded that the court has power to grant an order for that purpose only in an exceptional case (Herbage v. City of Utica, 109 N. Y. 81, 82, 16 N. E. 62; Schweinburg v. Altman, 131 App. Div. 795, 799, 116 N. Y. Supp. 318), an examination of these "affirmative defenses" shows that, in part at least, they amount to no more than denials of matters which the plaintiff must necessarily prove.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

The order should, however, be modified, so as to allow the examination of the defendant merely as to the items of extra work, the delay in the completion of the contract, the nonobtaining of the certificate of the Board of Fire Underwriters, the completeness of the work or the extent to which it was completed, and its workmanlike character and the lack of defects therein; and, as so modified, the order is affirmed, without costs. All concur.