BERG v. WILLIAM HORNE CO. et al.

(Supreme Court, Appellate Division, Second Department. October 6, 1911.)

DISCOVERY (§ 40*)—EXAMINATION OF DEFENDANT BEFORE TRIAL.

Plaintiff in a personal injury action is entitled to examine defendant before trial to obtain evidence in support of the cause of action and to avoid a defense that the work at which the injury occurred was carried on by an independent contractor, and the examination should not be limited to a single question as to what work was being done at the time.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 52, 53; Dec. Dig. § 40.*]

Appeal from Special Term, Kings County.

Action by Harry Berg against the William Horne Company and another. From an order refusing to vacate an order for defendant company's examination before trial, it appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, BURR, and RICH, JJ.

Theodore H. Lord (Fred P. Harrington, on the brief), for appellant.

S. A. Telsey, for respondent.

PER CURIAM.  On the 21st day of March, 1911, Judge Crane made an order, ex parte, requiring the examination of the defendant as an adverse party before trial.  The action is brought to recover damages for personal injuries, and one of the defenses is that the work was being done by an independent contractor, and not by the appellant.  The object of the examination is to prepare the plaintiff's case for trial and to obtain evidence for that purpose in support of the cause of action and in avoidance of this special defense.  The object appears to have been held to be legitimate in Schweinburg v. Altman, 131 App. Div. 795, 116 N. Y. Supp. 318.  The appellant obtained an order to show cause why the order requiring the examination should not be set aside, and the order appealed from, denying that motion, was made by Mr. Justice Blackmar.  The appellant asks that the order be reversed, but the affidavit on which the order to show cause was granted stated that the object sought was to obtain an order limiting the examination to the single question as to what work was being performed at the time by the appellant.

We do not think the order for the examination should be limited to that single question, and recommend that the order be affirmed, with $10 costs and disbursements.