(82 Misc. Rep. 402.)

## HEINE et al. v. WELLER.

(Supreme Court, Appellate Term, First Department.   October 23, 1913.)

DISCOVERY (§ 32*)—STATUTORY PROVISIONS—VACATING ORDER—GROUNDS.

The fact that a defendant denies the allegations of a complaint does not of itself deprive a plaintiff of the right to examine him before the trial, or furnish grounds for vacating an order for his examination.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 40;  Dec. Dig. § 32.*]

Appeal from City Court of New York, Special Term.  .

Action by Arthur Heine and another against Henry J. Weller. From an order of the City Court, vacating an order for the defendant's examination before trial, plaintiffs appeal.   Order reversed.

.Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Fixman, Lewis & Seligsberg, of New York City (Walter N. Seligsberg and Clarence M. Lewis, both of New York City, of counsel), for appellants.

Louis Werner, of New York City (S. A. Lowenstein, of New York City, of counsel), for respondent.

SEABURY, J.  This is an appeal by plaintiffs from an order granting defendant's motion to vacate an order obtained upon the application of plaintiffs to examine the defendant before trial.  The learned court below granted the motion, and vacated the order for defendant's examination because of the denial of the defendant in his answer and in the affidavit submitted upon the motion of all of the material allegations of the complaint.  The fact that a defendant denies the allegations of the complaint does not of itself deprive the plaintiff of a right to examine him before trial, or furnish any legal ground for vacating

an order for his examination. Istok v. Senderling, 118 App. Div. 162, 103 N. Y. Supp. 13; Straus v. Peck, 126 N. Y. Supp. 628.

Order reversed, with $10 costs and disbursements, and motion to vacate order for defendant's examination denied, with $10 costs. All concur.