(164 App. Div. 223)

EMPIRE CREAM SEPARATOR CO. v. DIAMOND.  (No. 6350.)

(Supreme Court, Appellate Division, First Department.  November 6, 1914.)

DISCOVERY (§ 40*)—STATUTORY PROCEEDINGS—EXAMINATION OF PARTY.

 Where the defendant admitted the allegations of the complaint, except as to the amount due plaintiff, and pleaded a counterclaim for breach of a subsequent contract between the parties, the plaintiff is not entitled to an order for the examination before trial of defendant as to the counterclaim.

 [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 52, 53; Dec. Dig. § 40.*]

Appeal from Special Term, New York County.

Action by the Empire Cream Separator Company against Walter J. Diamond.  From an order denying a motion to set aside an order for the examination of defendant before trial, defendant appeals.  Order reversed, and motion granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Janover, Frankel & Janover, of New York City (Chester E. Frankel, of New York City, of counsel), for appellant.

Louis H. Porter, of New York City (William C. Dodge, of New York City, of counsel), for respondent.

CLARKE, J.  The complaint alleges that the plaintiff sold and delivered to the defendant, at his special instance and request, certain goods, wares, and merchandise, for which he promised and agreed to pay the sum of $1,327.52; that said goods, wares and merchandise were fairly and reasonably worth said sum; and that no part thereof has been paid, except $550.56, leaving a balance still due and owing of $776.96, for which judgment is demanded.  The answer, by not denying, admits every allegation of the complaint except the amount due, and sets up an affirmative defense and a counterclaim, alleging an abrogation of the original agreement and the making of a new contract, which is in writing, and set forth in defendant's bill of particulars, and alleges that defendant kept all the provisions of said agreement, but that plaintiff breached the same, and demands $1,000 on his counterclaim.  The subsequent agreement is also set out in the plaintiff's reply.

Plaintiff, under the pleadings, having to prove nothing but the amount due and unpaid, obtained an order for the examination of the defendant as to his alleged separate defense and counterclaim.  The defendant moved to vacate such order, which motion being denied, this appeal is taken.

No reason is shown to bring this case within the exception to the rule, many times laid down in this department that, except in extraordinary cases, the right to examine should be limited to eliciting testimony in support of the examining party's case.  Caldwell v. Glazier, 128 App. Div. 315, 112 N. Y. Supp. 655; Reusens v. Arkenburgh

_____
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

136 App. Div. 653, 121 N. Y. Supp. 653; McClarty v. Giroux, 142 App. Div. 750, 127 N. Y. Supp. 724; Bruhl v. Nedwell, 149 N. Y. Supp. 442.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

