(87 Misc. Rep. 292)

### BLUM v. ROSENBAUM.

(Supreme Court, Appellate Term, First Department. November 18, 1914.)

1. DISCOVERY (§ 32*)—ADVERSE PARTY—EXAMINATION BEFORE TRIAL.

The right of examination of an adverse party before trial is a substantial right, which should not be denied, if made in good faith, to obtain testimony, and in compliance with the Code requirements, though it should be denied where it is sought for some ulterior purpose.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 46; Dec. Dig. § 32.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. DISCOVERY (§ 36*)—EXAMINATION OF ADVERSE PARTY—SUBJECT-MATTER.

    Where plaintiff pleaded a written contract for the sale of goods, and defendant admitted such contract, but claimed that it was part of a larger contract containing a warranty going beyond that set forth in the complaint, that the goods delivered did not comply with the warranty, and that he offered to return them after a reasonable time for inspection, so that defendant had the burden of producing evidence to establish his defense, and where defendant's affidavit showed that plaintiff had personal knowledge of the transaction, defendant was entitled to an examination of plaintiff before trial.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 49; Dec. Dig. § 36.*]

    Whitaker, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Julius Blum against Louis Rosenbaum. From an order denying plaintiff's motion to vacate or set aside an ex parte order for his examination before trial, plaintiff appeals. Affirmed.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

Riegelman & Bach, of New York City (Walter M. Schwarz, of New York City, of counsel), for appellant.

Brown & Boskey, of New York City (Meyer Boskey, of New York City, of counsel), for respondent.

LEHMAN, J. [1] I do not think that the order appealed from is in any way in conflict with the principles laid down in the opinion in the case of Kornbluth v. Isaacs, 149 App. Div. 108, 133 N. Y. Supp. 737. In that case the plaintiffs had brought an action for fraud, which the defendants denied under oath; yet in spite of this denial under oath, and the presumption that the defendants would not testify in court in contradiction of their denial under oath, I denied the motion to vacate an order for the examination of the defendants before trial. In my opinion in that case I attempted to review the earlier decisions of the various appellate courts, and there stated:

    "A review of these decisions, however, discloses that the courts still regard the right of examination of an adverse party before trial as a substantial right, which should not be denied if it is made in good faith and for the purpose of obtaining testimony, though it should be denied if the order is sought for some ulterior purpose."

It would therefore appear that, where a party has complied with all the requirements of the Code in moving for such an order, the order should not be vacated if the court can reasonably hold that the application was made in good faith.

[2] In the case before us the plaintiff has pleaded a contract for the sale of certain tubing and makes the written contract a part of the complaint. The defendant admits that he entered into this written agreement, but claims that it was only a part of a larger contract containing a warranty going beyond that set forth in the complaint, that the goods delivered did not comply with the warranty, and that he offered to return them after a reasonable time for inspection. It would appear, therefore, that the plaintiff can make out a prima facie

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

case by merely showing that he delivered the goods in accordance with the written memorandum or contract. The burden then rests upon the defendant of producing evidence to show that the written instrument is not the whole contract, that the goods delivered were not in accordance with the larger contract, and that he tendered them back. Not one of these matters need be shown upon plaintiff's affirmative case. The question then arises as to how the defendant will prove these matters. He has knowledge of these matters, but he need not prove them by his own testimony, which is, after all, interested testimony; but he must be permitted to obtain other testimony, if such testimony is in existence. He shows by his affidavit that plaintiff also has personal knowledge of the transaction, and we can certainly not presume that the plaintiff will testify falsely if put upon the stand. The defendant, therefore, if his allegations are true, has a right to presume that the plaintiff will consequently give testimony which will prove some or all of the matters which defendant must show. It is possible that the plaintiff may disappoint the defendant upon such examination. It is possible that some of his testimony may be distinctly adverse to the defendant; but it is precisely on account of these contingencies that the provisions for an examination before trial have been inserted in the Code, so that a party may find out before trial whether he can rely on an adverse party giving the expected testimony without making him his own witness at the trial. The cases where such examinations before trial have been vacated are all cases where the party to be examined must, in order to sustain his case, present evidence to the contrary of the matters expected to be proven by the examination, or some other facts show that the examination is only for cross-examination. If we vacate this order of examination, confined, as it is, to matters upon which the defendant has at least the burden of producing evidence, then I think that no order can ever be granted, where the party seeking the examination swears to the facts on personal knowledge.

Order should be affirmed, with $10 costs and disbursements.

WHITAKER, J. (dissenting). Plaintiff's cause of action, as set forth in the complaint, is for the sum of $1,127.62, the purchase price of 25,058 feet of seamless steel tubing sold and delivered to the defendant pursuant to a written contract. This written contract provides for the sale and delivery of 100,000 feet of tubing, of which the tubing described above is a part. The contract stipulates the price and place of delivery, and provides, amongst other items, that the quality of the tubing is "to be soft as per sample submitted and to stand bending as per sample."

The defendant's answer denies the material allegations of the complaint, and sets up a separate and distinct defense. The defendant first denies that the written contract constitutes the whole contract between the parties, alleging that the written contract was part of the entire contract, which provided that the tubing was to be "in accordance with the sample submitted by the plaintiff to the defendant and accepted by him" prior to the execution of the written contract. De-

fendant denies that the amount of tubing delivered conformed to the terms and specifications of the written contract, that the agreed price and reasonable value thereof is as set forth in the complaint, and that the amount due therefor became payable in accordance with the terms of the written contract. The separate defense repeats the terms of the written contract set forth in the complaint, and alleges that the written contract was made on the express condition and upon a warranty of the plaintiff that the tubing would in all respects be the same as the sample thereof submitted by the plaintiff to the defendant and agreed upon as a standard of tubing. This is merely a reallegation of the allegations contained in paragraph 1 of the answer in a different form. The separate defense further admits the order referred to in the complaint for the delivery of about 25,000 feet of tubing; that the tubing was delivered, although the quantity thereof is denied. It then alleges that the tubing so delivered did not conform to defendant's alleged sample, in that it was rusty and unpolished, that the defendant refused to accept the same and offered to return it, and that the plaintiff declined to accept it. It is in regard to all these allegations of the separate defense that plaintiff's examination before trial is sought.

While the Appellate Division of the Supreme Court, Second Department, has held, Judge Gaynor writing the opinion, that the right to examine a party before trial is absolute, when the person seeking the order has complied with the Code and rules of the court (see Shonts v. Thomas, 116 App. Div. 854, 102 N. Y. Supp. 324), still under the later decisions of the Appellate Division the rule seems to have been established that, where the examination is sought for the purpose of discovering the adverse party's testimony, in order to prepare evidence to meet it at the trial, or for the real purpose of cross-examination, the application should be denied. It appears by defendant's affidavit, upon which the order for examination of plaintiff was based, that:

"All the transactions herein were had with the plaintiff personally, who has knowledge of all the matters set forth in the defense."

This being so, the defendant must already know substantially what the testimony of the plaintiff will be; it being presumed, of course, that the plaintiff will testify truthfully, which is the only presumption upon which the court can proceed. Under the rules therefore recognized in the opinion of Mr. Justice Lehman in the case of Kornbluth v. Isaacs, 149 App. Div. 110, 133 N. Y. Supp. 737, which opinion was affirmed by the Appellate Division, I think that the order for the examination of the plaintiff before trial should not have been granted, and that the order denying the motion to set it aside should be reversed.

Order should be reversed, with costs.