### BANNISTER v. MURRAY.

(Supreme Court, Appellate Term, First Department. March 18, 1915.)

1. DISCOVERY �köæ32—EXAMINATION OF PARTY BEFORE TRIAL—GROUNDS FOR DENIAL.

That the answer is a general denial does not preclude plaintiff from his right to examine defendant before trial, on the theory that, having denied the allegations of the complaint, it is inconceivable that defendant will testify otherwise upon examination.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 46; Dec. Dig. �köæ32.]

2. DISCOVERY �köæ53—EXAMINATION OF PARTY BEFORE TRIAL—GROUNDS FOR DENIAL.

Under Code Civ. Proc. § 870, providing that the deposition of a party to an action may be taken at his own instance, or at the instance of an adverse party, "at any time before or during the trial," plaintiff did not lose her right to examine defendant before trial by placing the cause on the short-cause calendar before making the application to examine defendant.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 66; Dec. Dig. �köæ53.]

3. DISCOVERY �köæ36—EXAMINATION OF PARTY BEFORE TRIAL—GROUNDS FOR DENIAL.

In an action on an alleged contract whereby plaintiff was employed as housekeeper for defendant, defendant's examination before trial on plaintiff's application could not be denied, on the ground that the peculiar character of the contract and the atmosphere created by the litigation indicated that the examination was desired, not for use upon the trial, but for the purpose of preparing for trial, or for some ulterior or improper purpose, since a party is entitled as a matter of right to the examination of an adverse party concerning material issues and in support of the case of the moving party.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 49; Dec. Dig. �köæ36.]

Appeal from City Court of New York, Special Term.

Action by Corrine Louise Bannister against George G. Murray. From an order vacating an order for the examination of defendant before trial, plaintiff appeals. Reversed, and motion to vacate denied.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Randolph M. Newman, of New York City (Leonard Klein, of New York City, of counsel), for appellant.

Dutton & Kilsheimer, of New York City (Maurice Meyer and Jas. B. Kilsheimer, both of New York City, of counsel), for respondent.

⊜⊸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

HENDRICK, J. The action is to recover $1,050, the alleged balance due upon a contract for the personal services of plaintiff as housekeeper for defendant. The complaint alleges a contract wherein defendant promised to pay plaintiff $500 a month, if plaintiff would take care of and keep in order, for defendant's benefit, defendant's apartment, from which sum plaintiff was to pay the rent and all expenses of the household. It is further alleged that defendant entered into the performance of the contract, that defendant made the stipulated payments up to June 1, 1914, and that plaintiff performed her part of the contract up to October 1, 1914, for which period of four months defendant paid her on account $950, leaving due $1,050, for which this action is brought. The answer is a general denial.

The court, in granting the motion to vacate the order for defendant's examination before trial, bases its action on two grounds: First, that the plaintiff, prior to the motion to examine defendant, had moved to place the cause on the short-cause calendar, and that she did not then claim that it was necessary to have the testimony of defendant for use upon the trial; and, secondly, that, the defendant having denied the allegations of the complaint, it is inconceivable that he will testify otherwise upon the examination.

[1] The fact that the answer is a general denial does not preclude the plaintiff from his right to examine the defendant before trial. This rule is so well settled as to need no argument. Blum v. Rosenbaum, 87 Misc. Rep. 292, 149 N. Y. Supp. 960; Heine v. Weller, 82 Misc. Rep. 402, 143 N. Y. Supp. 752; Straus v. Peck (Sup.) 126 N. Y. Supp. 628, and cases therein cited; Kornbluth v. Isaacs, 149 App. Div. 108, 133 N. Y. Supp. 737, etc.

[2] The fact that plaintiff sought to place the cause on the short-cause calendar before making the application to examine defendant is immaterial. The Code of Civil Procedure (section 870) provides that the examination may be taken "at any time, *before* or *during* the trial."

[3] The learned court, in its opinion, suggests that the peculiar character of the contract and the atmosphere created by this litigation indicates that the plaintiff desires the examination, not for use upon the trial, but for the purpose of preparing for the trial, or for some ulterior and improper purpose. It may be that the trial will develop such a contract or such a relationship between the parties as would preclude the plaintiff from recovering the judgment. But we cannot assume that such will be the case. Certainly there is nothing in the papers used upon the motion that establishes it.

It seems that the plaintiff is within the rule that a party is entitled, as a matter of right, to the examination of an adverse party concerning material issues and in support of the case of the moving party. Caldwell v. Glazier, 128 App. Div. 315–317, 112 N. Y. Supp. 655; Lawson v. Hotchkiss, 140 App. Div. 297, 125 N. Y. Supp. 261; Bioren v. Campbell, 140 App. Div. 523, 125 N. Y. Supp. 392.

The order appealed from should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.