CALLENDER v. DRESSLER–BEARD MFG. CO.

(Supreme Court, Appellate Term, First Department.  April 15, 1915.)

1. STIPULATIONS ⬚6—OPERATION AND EFFECT—ORAL STIPULATIONS.
     Under rule 11 of the General Rules of Practice. providing that no private agreement or consent between the parties or their attorneys in respect to the proceedings in a cause shall be binding, unless reduced to the form of an order by consent and entered, or unless the evidence thereof shall be in writing, subscribed by the party against whom it shall be alleged, or by his attorney or counsel, an oral agreement by plaintiff that an action might be regarded by defendant as discontinued, if certain payments were made, was unenforceable as a matter of law.
     [Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 5–13;  Dec. Dig. ⬚6.]

2. JUDGMENT ⬚169—OPENING DEFAULT—IMPOSING CONDITIONS.
     On a motion to open defendant's default it claimed that plaintiff stated to one of its officers, a few days after the action was commenced, that it might consider the action discontinued if it made certain monthly payments; but this agreement was not in writing as required by rule 11 of the General Rules of Practice, and a receipt from plaintiff to defendant, dated nine days after the action was commenced, provided that judgment would not be entered as long as semimonthly payments were made, and that when the amount called for in the summons and complaint had been fully paid the action would be discontinued.  Defendant did not make the agreed payments, and for more than two months after being notified that judgment had been entered did not move to open its default.  Held, that it was improper to open the default without imposing terms, and as a condition thereof defendant should have been required to pay the costs of the action to the date of the motion, and of the motion, and to give a bond to secure any final judgment recovered by plaintiff.
     [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 328, 329;  Dec. Dig. ⬚169.]

Appeal from the City Court of New York, Special Term.

Action by James P. Callender against the Dressler-Beard Manufacturing Company.  From an order which opens defendant's default without the imposition of any terms, plaintiff appeals.  Modified and affirmed.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Albert W. Gray, of New York City (W. Callender, of counsel), for appellant.

Charles J. Lane, of New York City (Harry Crone, of New York City, of counsel), for respondent.

BIJUR, J.  Defendant claimed, on the motion to open its default, that one of its officers had called upon the plaintiff shortly after the summons and complaint had been served, and had delivered to him the summons and complaint in the course of a conversation in which the plaintiff stated that the defendant might consider the action discontinued if defendant would agree to pay the sums claimed to be due at the rate of $25 per month.  These installments were not paid, and some four months later plaintiff entered judgment, and, as appears from de-

fendant's own moving papers, the sheriff made a levy upon the property of defendant.

[1, 2] I am unable to agree with the disposition of the motion made by the learned judge below. In the first place, the stipulation as to a discontinuance is not, as required by rule 11 of the General Rules of Practice, in the form of an order properly entered, nor is any evidence thereof in writing. In passing, also, it may be said that this particular case does not fall within the class as to which the Appellate Division of this department has expressed regret that such a rule should be necessary. Schweinburg v. Altman, 131 App. Div. 795, 797, 116 N. Y. Supp. 318. The stipulation here was between the parties, and not their attorneys. As matter of law, therefore, this alleged stipulation was unenforceable. But the difficulty in accepting defendant's version of the transaction is more serious. The summons and complaint were served on August 3, 1914. Defendant claims that the interview with plaintiff took place a few days thereafter, notwithstanding defendant admits receiving from plaintiff his receipt, dated August 12, 1914, showing the payment by defendant of $25 "on account of an action started in the City Court," and continuing:

"It is agreed that no judgment will be entered as long as the Dressler-Beard Company continue making payments of $25 on the 1st and 15th of every month, commencing September 1, 1914, until the amount called for in the summons and complaint has been fully paid, *at which time the action will be discontinued.*"

In other words, the written evidence in the stipulation is in direct conflict with what defendant claims it to have been. Defendant urges that the merits of the controversy are shown to lie with it, according to the affidavits and exhibits which form part of the papers on appeal. The correspondence between the parties, however, annexed to plaintiff's affidavit, the authenticity of which is not disputed, strongly support the inference that the indebtedness sued for was conceded by defendant, but that it merely sought time and delay to enable it to make payment.

Finally, although defendant urged, on the argument before us and in its brief, that this judgment was, on the part of the plaintiff, what it denominated a "snap judgment," nevertheless, although plaintiff notified defendant by a letter of December 17, 1914, that the judgment had been taken, defendant did not move to vacate it until February 20, 1915, more than two months later.

Under all the circumstances, I feel that the defendant will receive the fullest measure of relief to which it is entitled if the order appealed from be modified to direct that the judgment be vacated on condition that the defendant pay the costs of this appeal, $10 costs of the motion, all the costs of the action to date of the motion, including the sheriff's fees and disbursements incurred by plaintiff, and give an adequate bond to secure any final judgment, and, as so modified, the order will be affirmed, with $10 costs and disbursements to appellant. All concur.