SARAH E. MOSSEW, Appellant, v. To MARKET, INC., et al., Respondents.

First Department, January 29, 1957.

*Jacob W. Friedman* of counsel (*Irving Schneider,* attorney), for appellant.

*Arthur S. Friedman* and *Morton David Goldberg* of counsel (*Gallop, Climenko & Gould,* attorneys), for respondents.

MEMORANDUM BY THE COURT. This is an appeal from an order modifying plaintiff's notice of examination of the defendants before trial. After issue was joined, plaintiff served the notice of examination. A day or two before the date set for the examinations, at the request of defendants' counsel a written stipulation for an adjournment of the examinations was signed. The defendants made no reservation in the stipulation of their right to move to modify or otherwise attack the notice of examination. Some days after the stipulation was entered

into and before the adjourned examination dates, the defendants, by order to show cause, sought modification of the notice of examination, asserting the impropriety of certain items contained therein. In opposition to the motion the plaintiff urged that the application be denied upon the ground that the stipulation contained no reservation of the right to make a motion with respect to the invalidity of the notice or the propriety of any item contained therein. Special Term granted the application to modify to the extent of striking out 11 items. We are constrained to reverse the order. By custom and practice, adjournments of examinations before trial, like extensions of time to serve answers, contain or should contain reservation of rights to question the regularity or validity of a notice of examination or of a pleading. It has been held that the failure to reserve the right to move to vacate an order for examination in a stipulation providing for an adjournment is an estoppel and waiver of the right to so move (*Sutphin Realty Co.* v. *Breinig,* 206 App. Div. 713; *Schweinburg* v. *Altman,* 131 App. Div. 795). That rule applies with equal force to an application to modify a notice. In reversing the order at Special Term and denying the motion, we do not pass upon the propriety of the items enumerated in the notice of examination. We are precluded from examining these items for the reasons above stated. The order should be unanimously reversed, with $20 costs and disbursements to the appellant, and the motion denied.

BREITEL, J. P., RABIN, FRANK and VALENTE, JJ., concur.

Order unanimously reversed.