■ HOWARD HAAS, as Guardian ad Litem of LINDA HAAS, an Infant, et al., Appellants, v. IDA B. ROTHENBERG, Doing Business under the Name of MOTHER GOOSE PLAY SCHOOL, et al., Respondents, et al., Defendant.— In an action to recover damages for personal injuries and for medical expenses and loss of services, the appeal is from so much of an order as granted respondents' motion to vacate a notice to examine before trial the respondents and three persons described in the notice as employees of one of the respondents. Order modified by striking from the first ordering paragraph the words "in all respects" and by substituting in lieu thereof the words "insofar as it requires Kathleen McMullen and Arlene Suib to be examined, and the motion to vacate the notice is otherwise denied". As so modified, order insofar as appealed from affirmed, without costs. The examination is to proceed upon notice of not less than 5 nor more than 10 days. The written stipulation adjourning the examination, without reservation of the right to move to vacate or modify the notice to examine, constituted a waiver and estoppel of the right so to move (*Singer* v. *Terminal System,* 5 A D 2d 788; *Mossew* v. *To Market,* 3 A D 2d 189; *Sutphin Realty Co.* v. *Breinig,* 206 App. Div. 713; *Schweinburg* v. *Altman,* 131 App. Div. 795; *La Manna* v. *Pilitz,* 79 N. Y. S. 2d 578). However, in

the exercise of the power of the court to relieve parties from the effects of their stipulations (see *Yonkers Fur Dressing Co.* v. *Royal Ins. Co.*, 247 N. Y. 435, 445), respondents are herewith relieved from their obligation to produce the two above-named persons for examination. It is undisputed that they are no longer employees. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.