(109 App. Div. 598)

### McKENNA v. TULLY et al.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)'

DISCOVERY—EXAMINATION OF ADVERSE PARTY BEFORE TRIAL.

　　Where, in an action for the specific performance of a contract for the sale of land, the complaint alleged a conspiracy whereby defendant, bound to convey, had with the knowledge of the other defendants transferred the property sought to be obtained, and had so incumbered it with mortgages that plaintiff could not have the relief sought without setting aside such conveyances, and demanded that one of the defendants be adjudged a trustee of the land for plaintiff, and asked for an accounting for the rents, plaintiff was entitled to examine defendants before trial, pursuant to Code Civ. Proc. § 873, since the examination sought was not for the purpose of obtaining information concerning the defense, but for the purpose of establishing the cause of action.

　　[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Discovery, § 53.]

Appeal from Special Term.

Action by Thomas P. McKenna against Michael Tully and others. From an order denying a motion to vacate an order for the examination of defendants Michael Tully and others before trial, they appeal. Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, CLARKE, and HOUGHTON, JJ.

John P. Everett, for appellants.
Isaac W. Goodhue, for respondent.

CLARKE, J. Appeal from an order providing for examination before trial, pursuant to section 873 of the Code. The appellants urge as a reason why this order should be reversed that the examination is sought merely for the purpose of prying into the defense, and therefore ought to be prohibited. They allege: That this is an action for the specific performance of a contract for the sale of land, and that all that plaintiff would be required to do would be to prove the contract, his performance, and the breach. That the defendants then assume the burden of showing that the transfers of which he complains were made without notice, in good faith, and for a valuable consideration. Seymour v. McKinstry, 106 N. Y. 242, 12 N. E. 348, 14 N. E. 94. That, being matters of defense, an examination will not be allowed "where the object is to obtain information concerning an adversary's case or defense. * * * They are only allowed when the object is to obtain evidence essential to the moving party's case or defense." Dudley v. N. Y. Filter Co., 80 App. Div. 166, 80 N. Y. Supp. 529. Those propositions correctly state the law, but are misapplied to the facts in this

case. All of the parties sought to be examined are defendants in the action, which is in equity. The complaint sets up a conspiracy whereby the defendant Tully, with the knowledge of the other defendants, has transferred the title to the property sought to be obtained, and has so incumbered it with mortgages that plaintiff cannot have the relief sought without setting aside said several instruments. He demands, inter alia, that the defendant Simpson be adjudged to be a trustee for this plaintiff, and that as such he holds the title to the lands and premises affected by this action; that he be directed to convey; that he, as well as Michael Tully and James F. Tully, be directed to account for the rents and profits; and that an injunction issue restraining said defendants from receiving the rents and profits, and that a receiver be appointed. In order to establish the cause of action set up and to obtain the relief demanded, it therefore becomes necessary for the plaintiff to affirmatively establish the facts in regard to the various transactions respecting which he desires an examination. Therefore he comes directly within the rule, as the testimony is sought to uphold his cause of action, and not to destroy a defense.

The order is proper, and should be affirmed, with $10 costs and disbursements. All concur.

L. M. Berkeley, for appellants.
Isaac W. Goodhue, for respondent.

