HARTOG & BEINHAUER CANDY CO. v. RICHMOND CEDAR WORKS.

(Supreme Court, Appellate Division, First Department. March 6, 1908.)

DISCOVERY—EXAMINATION OF ADVERSE PARTY BEFORE TRIAL—STATUTORY RE-
QUIREMENTS.

An examination of plaintiff by defendant prior to trial to obtain the items and details going to make up the damages claimed is not permissible under Code Civ. Proc. § 872, providing that the examination of an adverse party may be obtained when the testimony of such person is material and necessary for the party making the application for the prosecution or defense of the action, since it is a mere attempt to obtain information before the trial as to the necessary parts of plaintiff's case, which is not material and necessary to the defense interposed.

Ingraham, J., dissenting.

Appeal from Special Term.

Action by the Hartog & Beinhauer Candy Company against the Richmond Cedar Works. From an order denying a motion to vacate an order for examination of plaintiff before trial, plaintiff appeals. Reversed, and original order vacated.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and SCOTT, JJ.

109 N.Y.S.—8

Elmer S. White (Sol. L. Youngentob, on the brief), for appellant.
Edward S. Seidman (Henry Wollman and Clinton T. Roe, on the
brief), for respondent.

CLARKE, J. · Appeal from an order of the Special Term denying
a motion to vacate an order obtained by the defendant for examination
of the plaintiff, a corporation, and certain officers thereof before trial
and after issue joined. The action is for damages for breach of con-
tract. The plaintiff alleges in its complaint that the defendant failed
to supply it with certain cedar pails needed for use in its candy busi-
ness; that, because of defendant's failure to deliver these pails, plain-
tiff was unable to perform certain agreements for the sale and delivery
of candies; that plaintiff lost certain customers thereby; that it was
obliged to deliver some of its product in tin pails, paying therefor a
price in excess of the amount at which defendant promised to deliver
cedar pails. There were other allegations of damage. The plaintiff
has furnished a bill of particulars. A case is presented where a bill
of particulars is proper, and, if the bill furnished is not sufficient, a
motion for a further bill might be made.

The examination which the defendant desires, as appears by the
affidavit submitted upon its application, is for the purpose of obtain-
ing the items and the details which go to make up the damages claimed
by the plaintiff. It is therefore an attempt to obtain information before
the trial of necessary parts of the plaintiff's case which the plaintiff
must establish by proof in order to succeed. There is nothing asked
for which is material and necessary to the defense interposed. It is
even averred in the affidavit:

"That in the opinion of deponent it is necessary and material that the an-
nexed order, in order that the facts in reference to plaintiff's alleged cause
of action * * * may be properly presented to this court, * * * should
be granted."

The Code provides that the examination of an adverse party may be
obtained when the testimony of such person is material and necessary
for the party making such application for the prosecution or defense
of such action. Section 872 of the Code of Civil Procedure. This
court said in Dudley v. New York Filter Manufacturing Co., 80 App.
Div. 164, 80 N. Y. Supp. 529:

"The rule, however, with reference to allowing the examination of a party
is quite different. Such examinations are never allowed where the object is
to obtain information concerning an adversary's case or defense; nor are they
allowed merely for the purpose of enabling a party to prepare for trial.
* * * They are only allowed where the object is to obtain evidence essen-
tial to the moving party's case or defense, and when it fairly appears that
it is the intention of the party to use the examination upon the trial. * * *
Where it appears that the testimony is material and is necessary to enable the
applicant to establish his own case or defense, it is no objection to the ex-
amination that it may disclose his adversary's case."

This proposition was cited with approval in McKenna v. Tully, 109
App. Div. 598, 96 N. Y. Supp. 561. In Oakes v. Star Company, 119
App. Div. 358, 104 N. Y. Supp. 244, we said:

"It is still necessary to show by the recitation of appropriate facts and cir-
cumstances that the testimony sought to be elicited is material and necessary

for the party making the application (Code Civ. Proc. § 872, subd. 4; General Rules Prac. rule 82), and it is incumbent upon the party seeking the examination to make this fact appear."

This proposition was reasserted in Woods v. Hoffman, 121 App. Div. 636, 106 N. Y. Supp. 308.

As it is no part of the defendant's case to establish the items of the plaintiff's damage, the order providing for the examination of the plaintiff through its officers for the purposes here disclosed was not authorized.

The order appealed from should, therefore, be reversed, with $10 costs and disbursements, and the original order granting the examination vacated and set aside, with $10 costs to the appellant.

PATTERSON, P. J., and McLAUGHLIN and SCOTT, JJ., concur.

INGRAHAM, J. (dissenting).   I think this order in requiring the plaintiff to produce upon the examination all its books and papers cannot be sustained, as the affidavit was not sufficient to require the production of any particular book or paper as necessary for the examination of the plaintiff.   It should, therefore, be left to the referee to direct the production of any book or paper that is necessary for the proper examination of the witnesses.   I think, however, that the affidavit was sufficient to justify the court in directing the plaintiff to be examined as a witness before trial. It is true the principal affidavit upon which the order was granted was made by the defendant's attorney, but this affidavit was corroborated by the affidavit of the defendant's representative in the city of New York, and the attorney and this representative were the only ones who knew anything about the action, or had cognizance of the facts required to be sworn to.   The defendant was a corporation, and could not make an affidavit.   It had, therefore, to be made by its officers, agents, or representatives, and these two representatives, its attorney and agent in New York, were the only persons who could really depose to any facts that had any relevancy to the application.   It is quite true that the affidavit of the defendant's attorney states that the examination was necessary and material for other purposes than that prescribed by the Code of Civil Procedure, but enough is stated to show, in view of the counterclaim interposed by the defendant, that the examination of the plaintiff as a witness before trial was material and necessary to enable the defendant to procure testimony to be used at the trial.   It is quite as easy to criticise these affidavits as it is to cite cases which would show that no order for the examination of any witness before trial should ever be granted; but the Code is mandatory, and, where it appears that the testimony of a party making the application is material and necessary for the party applying, I think the examination should be allowed.   These statutes provide a method of taking an examination of the adverse party before the trial rather than at the trial.   There can be no question but that the defendant could call an officer of the plaintiff to prove the facts

as to the making of this contract and to the delivery to the plaintiff of goods, wares, and merchandise under it, and that the defendant was not guilty of a breach of the contract or was excused from its full performance. I think, upon those facts being shown, the defendant was entitled to an order for the examination of the plaintiff before trial, notwithstanding the fact that the defendant's attorney has inserted in his affidavit upon which the order was granted several allegations which tend to show that he also desired by this examination to ascertain what his opponent would swear to as to the amount of damages that it was claimed the plaintiff had sustained by a breach of the contract. I have never seen any advantage gained by refusing to allow these examinations before trial or any injury result to a really just demand or defense where one had been allowed; but it is common to see a just claim or just defense defeated because of the lack of evidence which such an examination would have furnished at the trial. It seems to me that this is a case where the ends of justice would be promoted by allowing each of the parties to examine the other before trial.

I therefore think the order should be affirmed.