BOCK v. BOCK.

(Supreme Court, Appellate Division, First Department.　January 22, 1909.)

1. DISCOVERY (§ 38*)—EXAMINATION BEFORE TRIAL—PURPOSE.

　　The purpose of an examination of an adverse party before trial is to obtain evidence to use upon the trial, and it must therefore be made to appear that the party applying for the examination intends to use the evidence upon the trial.

　　[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 38.*]

2. DISCOVERY (§ 55*)—EXAMINATION BEFORE TRIAL—SUFFICIENCY OF AFFIDAVIT.

　　An affidavit for an order for examination of an adverse party before trial, alleging that "deponent intends to preserve and use such testimony," and stating the purpose of the examination to be "to properly prepare for trial" and "to prepare and obtain other evidence to meet the defense herein," does not show that the evidence sought was intended to be used on the trial, and hence is insufficient.

　　[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 68–70; Dec. Dig. § 55.*]

Appeal from Special Term, New York County.

Action by George L. Bock, individually and as administrator of Henry Bock, against Henry Bock.　From an order refusing to vacate an order for examination before trial, defendant appeals.　Reversed, and motion to vacate granted without prejudice to a renewal of the application for examination.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Meyer Levy, for appellant.

Walter H. Cragg, for respondent.

SCOTT, J.　Appeal from order denying motion to vacate order for examination of defendant before trial.　The plaintiff sues in three capacities—as an individual, as administrator of the estate of his mother, Cora Bock, deceased, and as executor of the will of his father, Henry Bock, deceased.

The defendant is a brother of plaintiff, and the complaint alleges that at the death of Cora Bock she was possessed or entitled to the possession of personal property, which upon and after her death came into possession of defendant, who has ever since retained the same.　The object of the action is to obtain a discovery and accounting.　It seems probable that the plaintiff may be entitled, upon a proper affidavit to examine the defendant, at least as to what property came into his hands, but his present affidavit is wholly insufficient.

The purpose of an examination before trial is to obtain evidence to use upon the trial (Koplin v. Hoe, 123 App. Div. 827, 108 N. Y. Supp. 602), and therefore it is necessary that it be made to appear that the party applying for the examination intends to use it upon the trial. Nothing of the sort appears here.　All that is said is that "deponent intends to preserve and use such testimony."　The real purpose of taking the examination is elsewhere stated to be "to properly prepare

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for trial," and "to prepare and obtain other evidence to meet the defense herein." Neither of these reasons are sufficient to justify the examination of an adverse party. Diefendorf v. Fenn, 125 App. Div. 651, 110 N. Y. Supp. 68. While recent decisions have swept aside many of the technicalities which once stood in the way of the examination of adverse parties, it has not been intended thereby to overrule the express provisions of the Code, or to encourage the granting of orders for such examinations upon loose and insufficient affidavits. The order appealed from must be reversed, with $10 costs, and disbursements to the appellant, and the motion to vacate granted, with $10 costs, without prejudice to a renewal of the application for an examination upon proper allegations. All concur.