SPERRY & HUTCHINSON CO. v. O'NEILL ADAMS CO.

(Supreme Court, Appellate Division, First Department.   December 30, 1909.)

DISCOVERY (§ 36*)—EXAMINATION OF OPPONENT BEFORE TRIAL.

 An order for an examination of a party merely to disclose the items making up the damages claimed, and necessary for him to prove, is an improper use of discretion.

 [Ed. Note.—For other cases, see Discovery, Dec. Dig. § 36.*]

Appeal from Special Term, New York County.

Action by the Sperry & Hutchinson Company against the O'Neill Adams Company. From an order denying a motion to vacate an order to examine defendant and its officers before trial, defendant appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

 Gould & Wilkie (Chester A. Jayne, of counsel), for appellant.

 W. Benton Crisp, for respondent.

CLARKE, J.   The complaint demands $363,685 as damages for breach of contract. The answer alleges a breach by the plaintiff, and demands judgment upon its counterclaim for $370,000. The order for examination provides that the defendant and certain of its specified officers "submit to an examination concerning the following elements of damage alleged in defendant's counterclaim," enumerating six particulars of the damages set up in the counterclaim in regard to which an examination is desired.

 While we have held in Schweinberg v. Altman, 131 App. Div. 795, 116 N. Y. Supp. 318, upon a review of the cases, that the court has power to order a general examination by one party of his opponent, we have also held that it was an unwise use of that discretionary power to order an examination for the mere purpose of disclosing the items which went to the making up of the damages claimed by that opponent and which it was necessary for him to prove. Hartog & Bernheimer Candy Co. v. Richmond Cedar Works, 124 App. Div. 629, 109 N. Y. Supp. 113; Caldwell v. Glazier, 128 App. Div. 315, 112 N. Y. Supp. 655. Upon an examination of the record here submitted, we find no sufficient reason to except this case from the rule there laid down.

The order appealed from should therefore be reversed, with $10 costs and disbursements to the appellant, and the motion to vacate the order for examination granted, with $10 costs.   All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes