REUSENS v. ARKENBURGH et al.

(Supreme Court, Appellate Division, First Department. February 18, 1910.)

DISCOVERY (§ 38*)—EXAMINATION OF PARTY—GROUNDS.

In an action to foreclose a mortgage, in which the complaint alleged that by agreement of the parties each year interest was to be added to the principal, defendant is not entitled to an examination of plaintiff to determine whether the agreement was in writing or was made orally, in order to ascertain what plaintiff would swear to on the trial, and not to elicit testimony to establish an affirmative defense.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 38.*]

Appeal from Special Term, New York County.

Action by Guillaume Reusens against Oliver M. Arkenburgh and others. From an order denying a motion to vacate an order for an examination of plaintiff before trial, plaintiff appeals. Order reversed, and motion granted.

See, also, 120 N. Y. Supp. 1146.

---

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Raymond Reubenstein, for appellant.
Herman B. Goodstein, for respondents.

MILLER, J. This action is brought to foreclose a mortgage. The complaint alleges that, by agreements of the parties each year, interest was added to principal. The answer denies this, and the defendant wishes to examine the plaintiff, for the purpose of ascertaining, as he says, so that he may prove the same upon the trial, whether the said agreements were in writing or were made orally. The attorney for the defendant states in his affidavit that the examination is material and necessary to the defendant, in order to enable him "to properly prepare for the trial of this action and his defense therein." The defendant says that he also desires to ascertain the items of compound interest included in the amount of the bond, to secure which the mortgage was given; but no issue is raised on that head.

It is obvious that the defendant desires to examine the plaintiff for the purpose of ascertaining what he will swear to on the trial; not to elicit testimony to establish an affirmative defense, or to rebut the plaintiff's case. It is well settled that examinations will not be allowed under such circumstances. Caldwell v. Glazier, 128 App. Div. 315, 112 N. Y. Supp. 655; Hartog & Beinhauer C. Co. v. Richmond Cedar Works, 124 App. Div. 627, 109 N. Y. Supp. 113.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.