### ALDEN v. O'BRIEN.

(Supreme Court, Appellate Division, First Department. May 6, 1910.)

1. DISCOVERY (§§ 33, 40*)—UNDER STATUTORY PROVISIONS—EXAMINATION OF ADVERSE PARTY.

A court has power in its discretion to authorize a general examination of a party as a witness by an adverse party as well before as at the trial, and such examination is not to be limited to an affirmative cause of action or affirmative defense set forth in favor of the party desiring the examination.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 47, 53; Dec. Dig. §§ 33, 40.*]

2. DISCOVERY (§ 38*)—UNDER STATUTORY PROVISIONS—EXAMINATION OF ADVERSE PARTY.

In an action for commissions for services in procuring a lessee of property, an order should be granted defendant for the examination of plaintiff before trial as to the contract under which the claim was made and its performance, where the defendant had no personal knowledge of the transaction; the person with whom plaintiff dealt having died before the commencement of the action.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 51; Dec. Dig. § 38.*]

Appeal from Special Term, New York County.

Action by William H. Alden against Henry S. O'Brien and others. From an order vacating an order for the examination of plaintiff before trial, defendant O'Brien appeals. Reversed, and order for examination reinstated.

Argued before INGRAHAM, P. J., and CLARKE, McLAUGHLIN, SCOTT, and DOWLING, JJ.

Burt D. Whedon, for appellant.

Coffin & Goldmark (Herbert Goldmark, of counsel), for respondent.

CLARKE, J. The defendants, under the firm name of Henry S. O'Brien & Son, were engaged in the real estate business. The plaintiff sues for one-half of the commission alleged to have been earned by the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendants in renting certain property of a customer upon a long-term lease. The plaintiff alleges his contract as follows: That the defendants agreed with the plaintiff that if the plaintiff introduced or referred to them, as a prospective purchaser or lessee, a party to whom the owner should thereafter sell or lease said property, defendants would pay the plaintiff one-half of the commission of 1 per cent. upon the purchase price or total rental, to which they, as brokers of said owner, would become entitled. He further alleges that he did introduce to the defendants one Isman as a prospective purchaser or lessee, with whom the lease was made.

The affidavit upon which the order for examination of plaintiff was granted was made by Henry S. O'Brien. It avers that the defense is that the defendants did not enter into an agreement with the plaintiff to pay one-half of their commissions as alleged in the complaint, and also that the plaintiff did not introduce the said Isman to the defendants as a prospective purchaser or lessee, and was not entitled to a share of their commissions, and that the testimony of the plaintiff is necessary and material for the following reasons: That said defendant Henry S. O'Brien has no personal knowledge of any of the transactions set forth in the complaint; that the leasing of the property was conducted by the defendant Henry E. O'Brien, who died prior to the joining of issue; that, if any agreement was entered into between the plaintiff and defendants, said agreement was made by the defendant Henry E. O'Brien, and he alone of the two defendants had personal knowledge thereof; that deponent was informed by said Henry E., prior to his death, that he did not. enter into the agreement with plaintiff set forth in paragraph fourth of the complaint, but that he did agree that plaintiff should be entitled to a share of the defendants' commissions only if he should produce to defendants a purchaser of said property who should, as a result of plaintiff's efforts, purchase the same; that deponent was further informed by said Henry E. that plaintiff did not produce or introduce to defendants the said Isman; but that said Isman, when approached by plaintiff through a letter, wrote to plaintiff that he refused to transact business with or through him, and stated that he was not interested in said property and did not desire to purchase or lease the same; that defendant desires to show by said plaintiff the above facts, and that plaintiff did not induce said Isman to enter into a lease of said property, but that said Isman became interested in said property through the efforts of another broker six months after said plaintiff had endeavored to interest said Isman in said property; that by reason of the death of Henry E. O'Brien, aforesaid, defendant is wholly unable to prove most of these facts, except by plaintiff; that deponent intends to use the testimony of said plaintiff upon the trial of this action.

In Schweinburg v. Altman, 131 App. Div. 795, 116 N. Y. Supp. 318, we pointed out that the Court of Appeals in Herbage v. City of Utica, 109 N. Y. 81, 16 N. E. 62, said:

"We are of opinion that a party litigant may, in the discretion of the judge to whom application is made, * * * have a general examination of his adversary as a witness in the cause, as well before as at the trial, and that

it is not, as of course, to be limited to an affirmative cause of action or an affirmative defense set forth in favor of the party desiring that examination."

That case establishes the power of the court. As a general rule we have declined, in the exercise of discretion, to use that power, when it was evident that the sole purpose of the examination was to obtain the opponent's case. But here, the death of the partner with whom plaintiff had whatever negotiations there were deprives the defendant of the only witness upon whose testimony he could establish his defense, unless allowed to examine the plaintiff. We think, therefore, that extraordinary and peculiar circumstances exist which require the court to exercise its discretion and permit the examination.

The order appealed from should be reversed, with $10 costs and disbursements, and the order for examination reinstated; the date for such examination to be fixed on settlement of order. All concur.

