HAGERTY v. PINELAWN CEMETERY.

(Supreme Court, Appellate Division, First Department. May 6, 1910.)

DISCOVERY (§ 55*)—EXAMINATION OF PARTY BEFORE TRIAL—SUFFICIENCY OF AFFIDAVIT.

    The moving papers upon application to examine an adverse party before trial must show that applicant intends to use the evidence obtained upon trial of the action, and an affidavit merely stating that the purpose of the examination is to enable plaintiff to prepare for trial, and that the examination is necessary for the plaintiff's preparation for trial of the action, is insufficient.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 68–70; Dec. Dig. § 55.*]

Appeal from Special Term, New York County.

Action by John J. Hagerty against the Pinelawn Cemetery. From an order denying a motion to vacate an order for defendant's examination before trial, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Edward W. McMahon, for appellant.

John M. Gardner, for respondent.

MILLER, J. This is an action for fraud and deceit. The complaint and the affidavit upon which the order was obtained have two characteristics in common—length and irrelevancy. However, the complaint does contain at least one averment of a false representation, and doubtless upon a proper affidavit the plaintiff would be entitled to an examination of the defendant to obtain testimony to use upon the trial for the purpose of proving the falsity of that representation. But the affidavit does not state that that is the purpose of the examination or that the plaintiff intends to use the testimony obtained by the examination upon the trial. On the contrary, it expressly stated that the purpose of the examination is to enable the plaintiff "to prepare * * * for trial," that the examination is necessary "for the plaintiff's preparation for the trial of this action," and the number of irrelevant statements contained in the affidavit at least suggest a possible desire on the part of the plaintiff to harrass and annoy the defendant. The rules, governing applications of this kind have so frequently been stated by this court that the further statement of them ought to be unnecessary. The moving papers must show that the party applying for the examination intends to use the evidence obtained upon the trial of the action. Bock v. Bock, 130 App. Div. 229, 114 N. Y. Supp. 473.

The order should be reversed, with $10 costs and disbursements, and the motion to vacate granted, with $10 costs. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes