KETCHAM v. ROWLAND & SHAFTO, Inc., et al.

(Supreme Court, Appellate Term.  March 21, 1911.)

1. DISCOVERY (§ 38*)—EXAMINATION OF PARTY BEFORE TRIAL.

A petition alleged that a sum of money due plaintiff on a participation agreement owned by him in a mortgage was paid to defendants for plaintiff's account and wrongfully converted by them.  One of defendants answered, seeking to set up that plaintiff was not the real party in interest, and that defendants obtained the money and expended it under the directions of F., the real owner.  *Held* that, whether an order for the examination of plaintiff before trial as to his ownership was for the purpose of permitting defendant to show that plaintiff was not the real party in interest, or was to aid defendant to show that F., and not plaintiff, was the real owner of the agreement when the money was paid to defendant, the order was improperly granted.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 51;  Dec. Dig. § 38.*]

2. ASSIGNMENTS (§ 121*)—RIGHT OF ASSIGNEE TO SUE.

One to whom a participation agreement in a mortgage was assigned was the real party in interest, within the statute, even if no consideration was given.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 200–205;  Dec. Dig. § 121.*]

3. DISCOVERY (§ 36*)—EXAMINATION BEFORE TRIAL.

An examination before trial, not limited to the petitioner's affirmative case, is not ordinarily granted, and should be granted only where the peculiar circumstances of the case render the exercise of the court's discretion reasonable and proper.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 36.*]

4. DISCOVERY (§ 51*)—EXAMINATION BEFORE TRIAL.

An application for an examination of plaintiff before trial was fatally defective in failing to show that it was defendant's purpose to use the resulting deposition on the trial; allegations that it was impossible to be properly prepared to defend without the examination, and that the order was necessary to properly defend the action, not being in compliance with that requirement.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 51.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Special Term.

Action by Henry L. Ketcham against Rowland & Shafto, Incorporated, and another. From an order denying plaintiff's motion to vacate an order for his examination before trial, he appeals. Reversed.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

M. S. & I. S. Isaacs (Adam Frank, of counsel), for appellant.
John T. Fenlon (John V. Judge, of counsel), for respondents.

LEHMAN, J. The plaintiff alleges that in May, 1910, the sum of $600 due to him upon a participation agreement then owned and held by him in a certain mortgage was paid to the defendants for the plaintiff's account and wrongfully converted by them. The answer of the defendant Johnson is somewhat inartistically drawn, and in a single separate defense he apparently seeks to set up, first, that the plaintiff is not the real party in interest, and also that the defendants obtained the money and expended it under the directions of one Adam Frank, the real owner.

The defendant Johnson has obtained an order for the examination of Ketcham as to his ownership of the participation agreement. [1] If the order is for the purpose of permitting the defendant to show that the plaintiff is not the real party in interest, it is clearly unauthorized. [2] The plaintiff is bound to show as part of his affirmative case that the agreement has been assigned to him; and, if it has been assigned, then he is the real party in interest, within the meaning of the statute, even if no consideration was given. [3] An examination before trial, not limited to the petitioner's affirmative case, is not ordinarily granted, and should be granted only where the peculiar circumstances of the case render the exercise of the court's discretion reasonable and proper. Alden v. O'Brien, 138 App. Div. 249, 122 N. Y. Supp. 910.

If, however, we go so far as to hold that the order is made for the purpose of aiding the defendant to show that Frank, and not the plaintiff, was the real owner of the participation agreement at the time the money was paid to defendant, we must still hold that the order was improperly granted. Under the allegations of the complaint, the plaintiff is bound to show as part of his case that he owned the participation agreement at the time mentioned. The defendant may meet that issue by showing title in another, and that he acted under the directions of the real owner; but this defense is not an affirmative defense, and, if proven, will merely meet the allegations of the complaint, and the evidence would be admissible under the general denial. In other words, the defendant asks for an examination before trial, not to establish his own case, but to find out whether or not the plaintiff has sufficient evidence to make out his case, or to overcome the evidence which the defendant may produce.

[4] Aside, however, from these considerations, the application is fatally defective in failing to show that it is the defendant's purpose to use the resulting deposition upon the trial. The allegations that "it is impossible to be properly prepared to defend this action upon the trial without said examination," and that the order is necessary to

properly defend the action and submit his defense to the court, are not in compliance with that requirement. Bock v. Bock, 130 App. Div. 229, 114 N. Y. Supp. 473.

The order should be reversed, with $10 costs and disbursements, and the motion to vacate granted, without costs. All concur.