HENRY L. KETCHAM, Appellant, *v.* ROWLAND & SHAFTO, INCORPORATED, and CHARLES F. H. JOHNSON, Respondents.

(Supreme Court, Appellate Term, April, 1911.)

Discovery and inspection — Examination of party before trial — Right to remedy — To discover evidence.

In an action to recover an amount alleged to be due the plaintiff upon a participation agreement in a certain mortgage and to have been paid to and converted by defendant, a defense that the plaintiff is not the real party in interest and that the defendant received and expended the money under the direction of the owner is not an affirmative defense but may be proved under a general denial, and the defendant is not, therefore, entitled to an order to examine the plaintiff before trial to establish the grounds of such defense.

An order for the examination of the plaintiff before trial not limited to defendant's affirmative case should be granted only when the peculiar circumstances of the case render the exercise of judicial discretion reasonable and proper.

An application for an order to examine an adverse party before trial which fails to show that it is the purpose of the moving party to use the deposition on the trial is fatally defective.

APPEAL by the plaintiff from an order of the City Court of the city of New York denying the motion of the plaintiff to vacate an order for his examination before trial.

Supreme Court, Appellate Term, April, 1911.    [Vol. 71.

M. S. & I. S. Isaacs (Adam Frank, of counsel), for appellant.

John T. Fenlon (John V. Judge, of counsel), for respondent.

LEHMAN, J.   The plaintiff alleges that, in May, 1910, the sum of $600 due to him upon a participation agreement then owned and held by him in a certain mortgage was paid to the defendants for the plaintiff's account and wrongfully converted by them.   The answer of the defendant Johnson is somewhat inartistically drawn, and in a single separate defense he apparently seeks to set up, first, that the plaintiff is not the real party in interest, and also that the defendants obtained the money and expended it under the directions of one Adam Frank, the real owner.   The defendant Johnson has obtained an order for the examination of Ketcham as to his ownership of the participation agreement. If the order is for the purpose of permitting the defendant to show that the plaintiff is not the real party in interest, it is clearly unauthorized.   The plaintiff is bound to show as part of his affirmative case that the agreement has been assigned to him; and, if it has been assigned, then he is the real party in interest within the meaning of the statute even if no consideration was given.   An examination before trial, not limited to the petitioner's affirmative case, is not ordinarily granted and should be granted only where the peculiar circumstances of the case render the exercise of the court's discretion reasonable and proper.   Alden v. O'Brien, 138 App. Div. 249.

If, however, we go so far as to hold that the order is made for the purpose of aiding the defendant to show that Frank and not the plaintiff was the real owner of the participation agreement at the time the money was paid to defendant, we must still hold that the order was improperly granted.   Under the allegations of the complaint, the plaintiff is bound to show, as part of his case, that he owned the participation agreement at the time mentioned.   The defendant may meet that issue by showing title in another,

and that he acted under the directions of the real owner; but this defense is not an affirmative defense and, if proven, will merely meet the allegations of the complaint; and the evidence would be admissible under the general denial. In other words, the defendant asks for an examination before trial, not to establish his own case, but to find out whether or not the plaintiff has sufficient evidence to make out his case, or to overcome the evidence which the defendant may produce.

Aside, however, from these considerations, the application is fatally defective in failing to show that it is the defendant's purpose to use the resulting deposition upon the trial. The allegations that " it is impossible to be properly prepared to defend this action upon the trial without said examination," and that the order is necessary to properly defend the action and submit his defense to the court, are not in compliance with that requirement. Bock v. Bock, 130 App. Div. 229.

The order should be reversed, with ten dollars costs and disbursements, and the motion to vacate granted, without costs.

SEABURY and BIJUR, JJ., concur.

Order reversed.