## ERNST et al. v. LEVI.

(Supreme Court, Appellate Division, First Department. December 1, 1911.)

DISCOVERY (§ 40*)—EXAMINATION BEFORE TRIAL.

> While plaintiff is entitled to examine defendant before trial as to all matters relevant to the cause of action alleged and necessary to prove it, he is not entitled to a preliminary examination as to defendant's claim, especially where defendant will be obliged to testify to establish his affirmative defenses when he can be cross-examined.

> [Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 52, 53; Dec. Dig. § 40.*]

Ingraham, P. J., and Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Irving L. Ernst and others, as trustees in bankruptcy of the firm of J. M. Fiske & Co., against Berthold Levi. From an order denying a motion to vacate an order for defendant's examination before trial, defendant appeals. Affirmed as modified.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Wise & Seligsberg (Edmond E. Wise, of counsel), for appellant.
Hays, Hershfield & Wolf (Stanleigh P. Friedman, of counsel), for respondents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CLARKE, J. Plaintiffs are the trustees in bankruptcy of J. M. Fiske & Co., a stock brokerage firm, and sue to recover $45,970.51, being a balance due to the said firm on account of purchases and sales of stocks and securities made by said firm for and on account, and at the request of the defendant. Plaintiffs also claim upon an account stated between themselves as the said trustees and defendant.

The answer denies all the material allegations of the complaint, sets up two separate defenses, a partial defense, and counterclaim and two separate counterclaims. The order authorizes a general examination of the defendant, requiring him to submit to an examination, and testify concerning the matters stated in the affidavits and relevant to the issues in this action.

[1] The plaintiffs are entitled to the examination of the defendant respecting all matters relevant to the causes of action set up by them and material and necessary to prove in support thereof. We think that, so far as the defenses are concerned, plaintiffs are endeavoring to obtain a preliminary cross-examination of the defendant as to his claims, and are not endeavoring to obtain testimony material and necessary to their own cause of action for the purpose of introducing the same upon the trial. The pleadings and affidavits indicate that the defendant must go upon the stand to establish his affirmative defenses, and can be then subjected to cross-examination. We do not think that the papers make out a case justifying a preliminary cross-examination as to such matters of defense.

The order appealed from should be modified by limiting the examination to the matters set forth in the complaint and material and necessary to support the allegations thereof, and, as so modified, affirmed without costs to either party.

SCOTT and MILLER, JJ., concur.

INGRAHAM, P. J. (dissenting). The plaintiffs, as trustees in bankruptcy of the stock brokerage firm of J. M. Fiske & Co., seek to recover in this action the sum of $45,970.31 due to the bankrupts on account of the purchase and sales of stocks and securities by the bankrupts for, on account, and at the request of the defendant, the complaint alleging that an account showing that balance was stated between the plaintiffs and defendant. The defendant denies the stating of the account, and then sets up as an affirmative defense that upon the representations of one Naskins the defendant was induced to participate in a pool or joint venture to operate in the stock of a foreign corporation; that the representations were false, and, relying upon them, the defendant did not realize the profits to which he was entitled; that the bankrupts failed to perform their part of the contract in various particulars specified; that the affairs of the pool have never been adjusted; and that an action is pending for that purpose. There is a further defense that the purpose of the formation of said pool was illegitimate and contrary to public policy, and the defendant then sets up a counterclaim which the plaintiffs by their reply have denied.

The action being at issue, the plaintiffs seek to examine the defendant before trial, not only to prove their cause of action on an account stated, but also for the purpose of disproving the defendant's affirmative defenses. Among other facts the plaintiffs wish to prove by the examination of the defendant that the sales of securities involved in the cause of action were made at the defendant's special instance and request and for his account, and that the defendant agreed to reimburse the bankrupts for the amount expended in the said purchase of securities, that the bankrupts actually signed the pool agreement by the actual and express authorization of the defendant upon promises well known to him, and that the defendant did not rely upon any representations made in connection with the bankrupts, but that all these purchases were well known to the defendant and ratified and confirmed by him, and also various other particulars which it would be necessary for the plaintiffs to prove to overcome the defenses and the counterclaim.

This affidavit therefore sets forth the facts and circumstances which establish that the testimony that the plaintiffs seek to obtain by the examination of the defendant is necessary to enable the plaintiff to disprove the defendant's defenses and counterclaim. The plaintiffs are trustees in bankruptcy, and necessarily have no personal knowledge of the circumstances under which these transactions were carried on. It is not a cross-examination of the defendant as to the facts which it was necessary for him to prove, but independent evidence to meet and defeat his defenses as alleged. The affidavit complies with section 872 of the Code of Civil Procedure, and the facts and circumstances showing such a compliance are fully set forth as required by rule 82 of the general rules of practice. This provision of the Code of Civil Procedure authorizes the court to order an examination of an adverse party to avoid a defense or a cause of action as well as to establish such a defense and cause of action. Herbage v. City of Utica, 109 N. Y. 81, 16 N. E. 62. I think the case is brought directly within Alden v. O'Brien, 138 App. Div. 249, 122 N. Y. Supp. 910. The plaintiffs are suing as trustees in bankruptcy of a bankrupt firm to recover money due the firm on account of stock transactions for the benefit of creditors. It seems to be conceded that there were large purchases and sales of stock on account of the defendant which resulted in a loss, which loss was actually paid by the bankrupt firm. The plaintiffs have no personal knowledge of the transactions, and I think the ends of justice require that the court should allow them to prove their cause of action by examining the defendant as well as by an examination of the members of the bankrupt firm. There can be no question but that plaintiff would be justified in calling the defendant on the trial as a witness to prove the facts stated in the affidavit as material and essential evidence for the plaintiffs both in sustaining their cause of action and overcoming the defendant's defenses. The provision of the Code of Civil Procedure expressly authorizes an examination of the defendant before trial at the instance of the plaintiff, and this certainly is a case in which the

court should give the plaintiffs the fullest opportunity of proving their right to recover this money.

I therefore think the order should be affirmed.

LAUGHLIN, J., concurs.