(82 Misc. Rep. 419.)

## CRUM v. WRIGHT et al.

(Supreme Court, Appellate Term, First Department. November 10, 1913.)

1. MUNICIPAL CORPORATIONS (§ 706*) — INJURY TO PEDESTRIAN — BURDEN OF PROOF.

In an action for damages for injuries received by plaintiff on being run down by defendants' wagon, the burden is on plaintiff to prove that the wagon which struck him was owned by defendants, and that the proximate cause of the injury was the negligence of defendants' driver.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

2. DISCOVERY (§ 38*)—EXAMINATION OF PARTY BEFORE TRIAL.

While the rules governing the examination of an adverse party before trial are liberal, and the examination is granted where it is shown that it is sought in good faith, such examinations are not allowed for the purpose of enabling a party to pry into his adversary's case; hence, in an action for damages for injuries received by plaintiff on being run down by defendants' wagon, defendants, who denied on information and belief any knowledge as to whether the wagon was theirs, are not entitled to an examination of plaintiff before trial on that issue, there being no showing as to why they were ignorant.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 51; Dec. Dig. § 38.*]

Appeal from City Court of New York, Special Term.

Action by Richard Crum against Claude C. Wright and another. From an order denying plaintiff's motion to vacate an order for his examination before trial as an adverse party, plaintiff appeals. Order reversed, and motion granted.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Joseph H. Freedman, of New York City (Samuel Deutsch, of New York City, of counsel), for appellant.

Samuel Greason, Jr., of New York City, for respondents.

PAGE, J. This is an action to recover damages for personal injuries. The complaint states that on May 1, 1912, at or near Second avenue and Ninety-Fourth street, in the borough of Manhattan, through the negligent and reckless driving of the defendants' employés, a horse and wagon owned and controlled by the defendants and bearing their firm name upon its sides ran into the plaintiff. The answer denies any knowledge or information sufficient to form a belief as to the fact that the defendants were the owners of a horse and wagon with their firm name painted or attached to the side there-

of, and on information and belief denies the other allegations of the complaint.

[1] The defendants obtained a physical examination of the plaintiff, and thereafter the order now under review was signed, directing the plaintiff to appear and be examined as to the matters set forth in the complaint. The ground stated in the moving papers, and upon which the examination was apparently granted, is that the defendants do not know whether or not they owned such a wagon and whether or not it was their wagon which ran into the plaintiff. The burden is upon the plaintiff to prove that the wagon which struck him was owned and controlled by the defendants and that the proximate cause of the injury was the negligence of the defendants' driver. These facts he must prove in order to establish his case, and they are not matters of defense.

[2] Though the rules governing examination of an adverse party before trial have been greatly relaxed in this department, and the examination is granted without regard to technicalities, where it is shown that it is sought in good faith, such examinations are not allowed for the purpose of enabling a party to pry into his adversary's case. They are only granted where the object is to obtain evidence essential to the moving party's case, and where it is apparent or probable that the testimony of his opponent will be used upon the trial in order to prove or corroborate the cause of action or defense of the party seeking the examination. Hartog & Beinhauer C. Co. v. Richmond Cedar Works, 124 App. Div. 627, 109 N. Y. Supp. 113; Wood v. Hoffman Co., 121 App. Div. 636, 106 N. Y. Supp. 308.

In the case at bar it is not likely that the defendants desire in good faith to prove by the testimony of the plaintiff that the wagon in question was not their wagon. They profess total ignorance of the accident, but no reason for their ignorance is shown. If the allegations made in the complaint are so general in their nature as to the time and place of the accident and the description of the wagon that the defendants cannot tell whether they were the owners of it and responsible for the injury or not, a motion for a bill of particulars would afford them all the relief to which they are entitled.

In the case of Koplin v. Hoe, 123 App. Div. 827, 108 N. Y. Supp. 602 (Second Department), relied upon by the respondents, an examination of the plaintiff was allowed in a negligence case as to the circumstances of the accident, on the ground that the defendant showed that his employés who were alleged to have witnessed the accident denied any knowledge of it, and he had no means of discovering what occurred, except through the testimony of his adversary. This is an extreme case, and one which has never been followed in this department. Furthermore it is distinguishable from the present case, in that here it is not shown that the defendants' employés deny knowledge of the accident. The ignorance of the defendants as to matters which would ordinarily be available to them cannot be regarded as established by their bare disclaimer, in the absence of some explanation. Their denial of knowledge or information sufficient to form a belief as to whether or not they owned and controlled such a wagon

is clearly frivolous. I am of the opinion, therefore, that the moving papers fail to demonstrate that the examination was sought in good faith.

Order reversed, with $10 costs and disbursements, and the motion to vacate the order of examination granted, with $10 costs, and order vacated. All concur.