ROCHESTER CONST. CO. v. DOBBIE FOUNDRY & MACHINE CO.

(Supreme Court, Special Term, Niagara County. December, 1913.)

1. DISCOVERY (§§ 58, 99*) — EXAMINATION OF ADVERSE PARTY — ORDER — VALIDITY.

In an action for breach of a contract to furnish an incline conveyer for elevating material from a steam shovel, an order for the examination of the plaintiff corporation through its president, and requiring, among other things, that he submit to an examination concerning the cost of performing plaintiff's contract with another company, and the price to be received, and that he produce letters and other writings relating to such matters, was too broad, where plaintiff made no claim that it should be permitted to recover special damages consisting of loss of profits on its subcontract and did not ask for any special damages to which it was subjected under such contract.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 72, 132; Dec. Dig. §§ 58, 99.*]

2. DISCOVERY (§ 38*)—EXAMINATION OF ADVERSE PARTY—ORDER.

The court will not exercise its discretion in a damage case to order the examination of plaintiff as to his damages, where there is nothing to show that the examination will probably disclose evidence, which might not be available on the trial, tending to limit or minimize the recovery.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 51; Dec. Dig. § 38.*]

Action by the Rochester Construction Company against the Dobbie Foundry & Machine Company. On motion to vacate order for examination of plaintiff through its president and requiring the production of certain books and papers. Motion denied, and order modified.

James M. E. O'Grady, of Rochester, for the motion.
Edward E. Franchot, of Niagara Falls, opposed.

LAUGHLIN, J. The complaint contains three separate counts for the recovery of damages, based on alleged breaches of a con-

tract in writing, made by the parties on the 31st day of July, 1909, by which defendant agreed to construct for plaintiff, "a portable, electrically operated, incline conveyer for elevating rock and other material from a steam shovel to a spoil bank, by means of dumping cars," and to deliver the same "at some suitable and convenient place," which plaintiff alleges was at or near Lockport, where it was engaged, under a subcontract with the United Engineering & Construction Company, in excavating a section of the Barge Canal, and to furnish all labor, machinery, and materials, excepting power appliances, incident to the proper and successful installation thereof.

The plaintiff alleges, for a first cause of action, that defendant attempted to comply with the contract, and plaintiff, relying upon defendant's agreement to perform, paid $4,000 to apply on the purchase price; that the contract contained a liquidated damage clause by which defendant agreed to pay $50 per day, as liquidated damages, for every day's delay in completion beyond a date specified; that defendant, instead of constructing a conveyer according to the requirements of the contract, constructed a machine that has not done and does not do the work which it was agreed it should do, and has not operated successfully for a single period of 24 hours, and fails utterly to comply with the specifications and terms of the contract, to the plaintiff's damage in the sum of $4,000.

I am of opinion that the fair construction of this count is that plaintiff here seeks to recover, not liquidated damages, but the amount paid on the purchase price of the conveyer. The answer joins issue with respect to the liquidated damages, and avers that they were in the nature of a penalty; and also denies that the defendant in any manner failed to comply with the contract.

The second cause of action is to recover $1,226.83, for labor performed and materials furnished at the request of and for the benefit of defendant in connection with the construction of the conveyor. The answer admits that plaintiff performed labor and furnished material in connection with the work, and admits that it agreed to pay for part upon certain conditions, but puts in issue the value, and denies that it was performed at defendant's request or for its benefit.

The defendant, by way of separate defense to the second cause of action, alleges, in substance, that after defendant completed and delivered the conveyer in accordance with the contract as altered or amended by direction of the plaintiff, assented to by the defendant, certain minor defects caused by plaintiff's negligent operation, or by said alterations or amendments, were discovered; that it was necessary to rectify such defects; that this was on January 28, 1910, and plaintiff was then in default for not paying installments due under the contract, and on that day the parties agreed in writing that, if plaintiff would promptly pay the overdue installments, defendant would pay the readjustment expenses incident to remedying such defects; and that this was the only agreement defendant made to pay for any labor performed or material furnished by plaintiff, but that plaintiff failed to make the payments.

The third cause of action is for damages alleged to have been suffered through defendant's failure to perform the contract as required, and within the time agreed upon, which was guaranteed by it in the contract, and to construct and deliver, as provided in the contract, a conveyer which defendant warranted and guaranteed would be fit for the purpose and perform the services intended, and as required by the contract, and it is alleged that relying on defendant's guaranty and warranty plaintiff made said first payment of $4,000 to apply on the contract, and that by reason of the premises plaintiff has sustained damages in the sum of $75,000.

The answer puts in issue the material allegations of the third count, except that the defendant admits that it made the guaranty on condition that the conveyer should be properly and carefully operated by plaintiff's servants and employés according to instructions given by defendant.

The defendant also pleaded two separate defenses to both the first and third causes of action. The substance of the first of these defenses is that plaintiff was obliged by the contract "to construct and furnish tracks suitable to receive the said conveyor, and upon which it could be constructed"; that defendant in all respects, excepting as to the time of performance, fully complied with the terms of the contract; and that the delay was caused by plaintiff's failure to construct and furnish such track, and to interference by plaintiff, its agents and servants, with the prosecution of the work by defendant; that by the terms of the contract the use and operation of the conveyor by plaintiff constituted a waiver of any claim by it for damages owing to delay in completing; and that plaintiff, subsequent to the time for completion, accepted, took control of, used, and operated the conveyer, and agreed to waive and waived timely delivery, and all claims for damages arising from delay; and that plaintiff negligently and recklessly operated the conveyer, thereby damaging it and preventing perfect operation; and that this was the sole cause of the damages, if any, arising from the failure of the conveyer to perform the work properly.

The other separate defense to said two causes of action is that plaintiff interfered with the work and altered and amended the specifications, and required changes in various particulars in the manner of construction, and that defendant at plaintiff's request assented thereto; that defendant constructed and furnished the conveyer in compliance with the contract and specifications as thus altered and amended, excepting as to time of completion; and that the delay in that regard "was caused or contributed to" by plaintiff's failure to construct and furnish suitable tracks, and by its wrongful interference with the work, and by such alterations and amendments.

Defendant interposes a counterclaim for the balance unpaid on the contract aggregating $11,000; and another for $5,000 for additional work and material alleged to have been caused by said alterations and amendments, and negligent operation of the conveyer by plaintiff.

Both parties are domestic corporations. The principal office of the

plaintiff is at Rochester, N. Y., and that of the defendant at Niagara Falls, N. Y.

[1, 2] The order directs the president of the plaintiff to appear at the office of the referee in the city of Rochester, N. Y., and to answer—

"all questions that may be put to him respecting the doing of the grading and stripping preliminary to, and the laying of the tracks upon which the conveyer mentioned in the complaint was to be and was erected, and the interference with the work of the defendant thereby, and the delay consequent thereon, and respecting the operation of the said conveyer and the causes of the troubles and difficulties therein, and the extent, nature, and cause of the delays or shut-downs in the operation thereof, and also respecting the doing of the work upon which the plaintiff was engaged in excavating the Barge Canal, under its contract with the United Engineering & Contracting Company, and the costs and expenses of doing the same, and the price to be received therefor by the plaintiff from the United Engineering & Contracting Company."

The officer was also directed to bring with him, and produce on the examination—

"all records, memoranda, agreements, books of account and other papers and writings referring or in any way relating to the doing of the work of grading and stripping before and at the time of the erection of the conveyer mentioned in the complaint, by the defendant, and also all books of account, records, memoranda, agreements, and contracts in writing, of the said Rochester Construction Company, including the contract between it and the United Engineering & Contracting Company, referring to or in any way relating to the performance of its said contract with the United Engineering & Contracting Company, the doing of the work therein provided for, and including all reports of employés, records in writing, memoranda and other papers in any way relating to the operation of the incline conveyer mentioned in the complaint herein, and all letters, writings, statements of account and documents relating to the performance of the work of excavating the Barge Canal near the city of Lockport, N. Y., done by the plaintiff, during the season of 1909 to 1910, and subsequent thereto, the cost of the doing of said work, and the amount to be received therefor."

The order for the examination is more broad and sweeping than the facts warrant. The only theory on which the price plaintiff was to receive from the engineering company for its subcontract work, or the cost thereof to it, could be material, would be if plaintiff should claim and should be permitted to recover special damages consisting of loss of profits on its subcontract, or special damages to which it was subjected under such contract; but neither is alleged here. Moreover, while it is within the jurisdiction and authority of the court to order a general examination, discretion to order an examination of an adverse party with respect to his damages is not ordinarily exercised, and is never exercised without evidence tending to show that the examination will probably disclose evidence, which might not be available on the trial, tending to limit or minimize the recovery of damages; and the reason for this rule is that the burden of proving damages will rest on the adverse party, and in the case at bar neither the nature of the issues nor the affidavits on which the order was granted show sufficient ground for giving the defendant, at this time, an examination which would be in effect a cross-examination of the plaintiff in advance with respect

to its affirmative case. Ernst v. Levi, 148 App. Div. 281, 132 N. Y. Supp. 11; Hartog & Beinhauer Candy Co. v. Richmond Cedar Works, 124 App. Div. 627, 109 N. Y. Supp. 113; Schweinburg v. Altman, 131 App. Div. 795, 116 N. Y. Supp. 318; Alden v. O'Brien, 138 App. Div. 249, 122 N. Y. Supp. 910; Brick v.. Shaff, 128 App. Div. 264, 112 N. Y. Supp. 642; Sperry & Hutchinson Co. v. O'Neill-Adams Co., 135 App. Div. 285, 120 N. Y. Supp. 362; Reusens v. Arkenburgh, 136 App. Div. 653, 121 N. Y. Supp. 353; Bock v. Bock, 130 App. Div. 229, 114 N. Y. Supp. 473.

The order should therefore be modified by striking therefrom the requirement that plaintiff's president submit to an examination concerning the cost of performing plaintiff's contract with the United Engineering & Contracting Company, and the price it was to receive therefor, and eliminating the requirement that he produce letters and other writings relating to those matters.

In all other respects the examination and the production of writings required by the order may legitimately tend to prove facts essential to the defense of the action, and the defendant is therefore entitled thereto.

The order, however, should be further modified by inserting a provision giving the plaintiff the option, at its election, to have the examination, in so far as the production of writings is required, at its principal office in Rochester, N. Y., instead of at the office of the referee.

The motion to vacate the order is therefore denied, without costs, and the order for the examination is modified as indicated; and the president of the plaintiff will be directed to appear and submit to an examination, and to produce writings pursuant to the order as thus modified, at a time and place, or times and places, to be specified in the order to be entered hereon.