NETTYE KLEIN, Plaintiff, Appellant, *v.* THE CAREY PRINTING COMPANY, Defendant, Respondent.

Supreme Court, Appellate Term, First Department, March Term — Filed April, 1923.

Practice — examination before trial — when notice will be vacated — motion for judgment on the pleadings must be decided on the pleadings alone.

Where on its face the complaint in an action to recover upon an assigned claim for money paid on account of certain printing work which defendant agreed to do but did not, sets forth a good cause of action, an order denying plaintiff's

motion to vacate a notice for her examination before trial will be reversed and the motion granted.

A motion for judgment under rule 112 of the Rules of Civil Practice must be decided upon the pleadings alone; where, therefore, defendant was granted judgment upon an affidavit based upon the testimony given upon plaintiff's examination before trial, said judgment and the order entered on the motion therefor will be reversed and the motion denied.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, third district, rendered in favor of the defendant upon a motion for judgment on the pleadings, and also from an order denying plaintiff's motion to vacate a notice for her examination as a witness before trial.

*Scasongood & Eager* (*Thomas A. Eager*, of counsel), for appellant.

*Milton M. Eisenberg*, for respondent.

WASSERVOGEL, J.   Plaintiff, as assignee of one Donald C. Scott, sued to recover $500 paid to defendant on account of certain printing work which defendant agreed but failed to do.   Defendant in its amended answer admitted the receipt of the $500 from Scott, denied the other allegations of the complaint and set out a counterclaim for $300 for alleged breach of contract.   There were also alleged two separate defenses directed against the assignment from Scott to plaintiff which defendant claimed was collusive and made to defeat defendant's rights.

Upon an examination of plaintiff before trial, she testified that she is a clerk in the office of her attorneys, that the assignment to her was executed in Philadelphia (Scott being a resident of Philadelphia), that she has no financial interest in the cause of action and if she were successful she would pay any moneys received by her over to Scott.   Upon an affidavit of defendant's attorney based on this examination, defendant moved for judgment under rule 112 of the Rules of Civil Practice.   That rule provides: " If either party be entitled to judgment on the pleadings, the court may, on motion, give judgment accordingly, and without regard to which party makes the motion."   A motion for judgment under this rule must be decided upon the pleadings.   Affidavits may not be considered.

There is no merit in respondent's contention, based upon plaintiff's examination before trial, that the assignment to her was fraudulent " and made to deprive defendant on its counterclaim against the assignor personally."   Section 267 of the Civil Practice Act provides: " If the action is founded upon a contract which has been assigned by the party thereto, other than a negotiable promissory note or bill of exchange, a demand existing against the party thereto or an assignee of the contract at the time of the assignment

thereof, and belonging to the defendant, in good faith, before notice of the assignment, must be allowed as a counterclaim to the amount of the plaintiff's demand, if it might have been so allowed against the party, or the assignee, while the contract belonged to him."

Upon a trial the plaintiff will be required to show as part of her affirmative case that the cause of action has been assigned to her. The notice for examination served by defendant was, therefore, clearly unauthorized and the motion to vacate it should have been granted. *Ketcham* v. *Rowland & Shafto, Inc.*, 71 Misc. Rep. 439. If upon the trial proof is given of a valid assignment to plaintiff, defendant would be protected by any payment made to her.

In the case of *Sheridan* v. *Mayor*, 68 N. Y. 30, Church, Ch. J., wrote: " A plaintiff is the real party in interest under the Code, if he has a valid transfer as against the assignor, and holds the legal title to the demand. The defendant has no legal interest to inquire further." The complaint upon its face sets forth a good cause of action. Plaintiff's motion to vacate the notice for her examination should have been granted and the defendant's motion for judgment on the pleadings denied.

Order denying plaintiff's motion to vacate the notice for examination is reversed and motion granted. Judgment and order entered on the motion for judgment on the pleadings reversed, with ten dollars costs, and motion denied.

GUY and COHALAN, JJ., concur.

Ordered accordingly.